862 P.2d 299

**TOLMIE FARMS, INC., an Idaho Corporation and Donald E. Tolmie and Connie H. Tolmie, husband and wife, Plaintiffs–Appellants,**

v.

**Stauffer Chemical Company, Inc. and John Does One through Ten, Defendants,**

and

**J.R. SIMPLOT COMPANY, INC., Defendant–Respondent.**

No. 20104.

Supreme Court of Idaho, Boise, January 1993 Term.

Sept. 28, 1993.

Eismann Law Offices, Nampa, for plaintiffs-appellants. Richard B. Eismann argued.

David E. Spurling, Boise, for defendant-respondent.

REINHARDT, Justice, Pro Tem.

## BACKGROUND

The appellant, Tolmie Farms, Inc. (Tolmie Farms) seeks review of the Court of Appeals decision affirming the district court's grant of summary judgment dismissing its breach of warranty claims against the respondent J.R. Simplot Company, Inc. (Simplot). Tolmie Farms' petition for review of the Court of Appeals' decision was granted by the Supreme Court.

## FACTS

The facts, as summarized by the Court of Appeals, are as follows:

Tolmie Farms is a family owned and operated farming enterprise that grows potatoes in Wilder, Idaho. Potato farmers in that area customarily fumigate the planting soil in the autumn with a nematicide to prevent nematodes, a root-eating worm, from destroying the potatoes. Vapam is a nematicide manufactured by Stauffer Chemical Company (Stauffer) and sold by J.R. Simplot Company (Simplot). In the fall of 1982, 1983, and 1984, Tolmie Farms purchased Vapam from Simplot and applied the chemical to its potato fields in each of those years. Although the potato harvests in 1983 and 1984 were successful, the 1985 crop became infested with nematodes, causing severe damage to the harvest.

Tolmie Farms and Donald and Connie Tolmie (hereinafter collectively referred to as Tolmie Farms) brought this action against Stauffer and Simplot, alleging breach of express written and oral warranties, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Simplot moved for summary judgment, contending there was no evidence to support the allegation that it had made any express warranties, and asserting that it had effectively disclaimed all implied warranties. Simplot also objected to Donald and Connie Tolmie's status as real parties in interest and sought to dismiss them from the case. The district court granted the motion, dismissing all of the claims against Simplot, and dismissing the Tolmies from the action. On its own motion for summary judgment, Stauffer was granted a partial summary judgment. The district court gave effect to the written warranty disclaimers, but concluded there remained triable issues of fact

with respect to the claim for breach of express warranty. The rulings relating to Stauffer are not before us in this appeal, which was certified under I.R.C.P. 54(b) for review of the Simplot judgment only. Tolmie Farms appealed the Simplot judgment to the Idaho Supreme Court. The Idaho Supreme Court then assigned the case to the Idaho Court of Appeals.

The Court of Appeals addressed the issues of: (1) whether Simplot made any express oral warranties; (2) whether Simplot had effectively disclaimed all implied warranties of merchantability and warranties of fitness for a particular purpose; and (3) whether Donald and Connie Tolmie were proper parties to the action. The Court of Appeals held that the trial court record presented a genuine issue of material fact as to whether Simplot made any express oral warranties and that Donald and Connie Tolmie were proper parties to the action and reversed on these issues. The Court of Appeals affirmed the district court's order dismissing the breach of implied warranty claims. Thereafter, the Idaho Supreme Court granted a petition for review as to the issues presented in the appeal.

### ANALYSIS

■ When this Court hears a case which comes before it on a petition for review of an opinion of the Court of Appeals, and the issues presented to the Court of Appeals concerned a decision of the district court, we turn to and consider the correctness of the district court's decision. "While we value the opinion of the Court of Appeals for the insight it gives us in addressing the issues presented on appeal, we do not focus on the opinion of the Court of Appeals, but rather on the decision of the district court." *Gerstner v. Washington Water Power*, 122 Idaho 673, 675, 837 P.2d 799, 801 (1992) (quoting *Sato v. Schossberger*, 117 Idaho 771, 775, 792 P.2d 336, 340 (1990)).

■ On a motion for summary judgment, we review "the pleadings, depositions, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine issue as to any material fact and whether the moving party is

entitled to judgment as a matter of law. I.R.C.P. 56(c); *Cluff v. Bonner County*, 121 Idaho 184, 186, 824 P.2d 115, 117 (1992). We review the evidence most favorable to the party opposing the motion, and draw all inferences in their favor." *Rawson v. United Steelworkers of America*, 111 Idaho 630, 633, 726 P.2d 742, 745 (1986).

With this standard in mind we first review the record to determine whether there is a genuine issue of material fact as to whether or not Simplot made any express oral warranties to the Tolmies.

It is alleged in the complaint that the defendants represented to the plaintiffs that Vapam, applied in the manner recommended and instructed by the defendants in the fall of 1984, would control nematodes on the potato crop grown in the year 1985, would increase the yield of the potatoes, and would improve the quality of the potatoes.

Simplot denied the existence of any express oral warranties allegedly made to Tolmie Farms and moved for summary judgment on that issue. In opposition to the motion, Tolmie Farms submitted the affidavit of Donald Tolmie, wherein he stated that in the fall of 1982, Simplot employee Avery Sheets, told Tolmie that Vapam would control nematodes, was easy to apply through a center pivot sprinkler system, and would produce a better quality and higher yield of potatoes, which were more storable. Tolmie also stated that he met with Dennis Coon, the Unit Manager of Simplot in Caldwell, who told him that Vapam was a very popular fumigant in the state of Washington because it could be applied through a center pivot sprinkler system and because it controlled nematodes and other soil pests. Further, the affidavit asserted that Sheets made virtually the same representations to Tolmie in the fall of 1983 and 1984.

■ Simplot submits that the Tolmie affidavit is insufficient to defeat their motion for summary judgment on the cause of action for express oral warranty. In addition, Simplot asserts that the previous de-

position testimony of Donald Tolmie is in complete contradiction with his affidavit. Further, the allegations made in Donald Tolmie's affidavit, namely that Simplot employee Sheets concurred or reiterated statements made by Stauffer employee Ron Shaeffer, are insufficient to establish the existence of an express warranty. Finally, even if the statements made by Simplot employees, Sheets and Coons, were admissible, they do not constitute express warranties as a matter of law.

Idaho Rule of Civil Procedure 56(e) provides in pertinent part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify about the matters stated therein." Simplot alleges that Donald Tolmie's affidavit failed to comply with I.R.C.P. 56(e). Simplot argues that the affidavit contained inadmissable hearsay and that the statements presented in the affidavit lacked adequate foundation and therefore should not be considered. This Court follows *Camp v. Jiminez*, 107 Idaho 878, 881, 693 P.2d 1080, 1083 (Ct.App.1984), where it was held that if noncompliance with Rule 56(e) is not brought to the trial court's attention by proper objection and motion to strike, it is waived. A review of the record shows no such objection or motion. We therefore will not consider this issue on appeal.

■ Simplot further alleges that to the extent that Mr. Tolmie's affidavit contradicts his prior sworn deposition testimony, the allegations contained in the affidavit are insufficient to prevent Simplot from obtaining summary judgment.

Idaho Rule of Civil Procedure 30(e)[1] allows for changes in deposition testimony. Tolmie corrected his prior deposition testimony where he had stated that he could not recall certain facts about representation made to him by Avery Sheets. In his corrected deposition testimony, Tolmie stated that he met with Avery Sheets in the fall of 1982, 1983, and 1984 to discuss the benefits of using Vapam on the potato fields and that Sheets specifically told him that if properly applied, Vapam would control nematodes and increase the yield and quality of the potato harvest. These statements are not inconsistent with his affidavit.

Simplot argues that the Tolmies are trying to prevent an adverse summary judgment by creating factual issues in the affidavit which contradict their prior sworn deposition testimony. However, it appears that Simplot failed to review the corrected deposition testimony prior to Tolmie's signature on December 28, 1989, which does not conflict with his affidavit. While we may agree that the purpose of summary judgment is served by a rule that prevents a party from creating sham issues by offering contradictory testimony, we perceive no "contradiction" where the witness asserts in his affidavit facts which, at the time of his earlier deposition, he specifically had asserted he could not recall. *Kennedy v. Allied Mut.*, 952 F.2d 262, 266–67 (9th Cir. 1991) (district court must determine that affidavit contradicting prior testimony is a "sham" before it determines that affidavit cannot be used to create an issue of fact precluding summary judgment).

■ It is our determination that there was sufficient evidence to show representa-

---

1. **I.R.C.P. 30(e). Submission to Witness—Changes—Signing.** When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by the witness, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within 30 days of its submission to the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed unless on a motion to suppress under Rule 32(d)(4) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.

tions were made by Simplot to the Tolmies. Referring to several paragraphs in Tolmie's affidavit which state that employee Sheets "concurred with," "agreed with," and "reiterated" previous representations made by the Stauffer employee, Simplot argues that Tolmie Farms has failed to sufficiently establish the alleged representations. In considering a motion for summary judgment, the trial court must look to the totality of the pleadings, affidavits and depositions, not merely to portions of the record in isolation. *Anderson v. City of Pocatello*, 112 Idaho 176, 179, 731 P.2d 171, 174 (1986). We observe that throughout his affidavit and deposition, Donald Tolmie has repeatedly identified statements made by Sheets, namely, that Vapam, if used as directed, would control nematodes and increase the quality and quantity of potatoes. Moreover, Tolmie also sets forth in his affidavit those representation which Sheets is alleged to have "concurred with" and "reiterated." Construing all of this evidence against Simplot and in favor of Tolmie Farms, as is appropriate on summary judgment, we hold that the evidence sufficiently establishes that the representations allegedly made by Simplot were made. We next determine whether those representations are sufficient to create a warranty.

The Uniform Commercial Code (U.C.C.) provides that an express warranty may be created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a basis of the bargain...." I.C. § 28-2-313(1)(a). It further provides that "a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." I.C. § 28-2-313(2). Simplot contends that, as a matter of law, the representations allegedly made by its employees neither constituted affirmations of fact nor were they the basis of the parties bargain. We disagree.

Although the affidavit contains some statements, which, if viewed alone, might appear to be no more than opinion or endorsement, it also refers to numerous conversations in which Simplot employees specifically told Tolmie Farms that Vapam,

used as instructed, would control nematodes and improve the yield and quality of the potato harvest. These later statements clearly could be viewed by a jury as constituting an affirmation of fact which relates to the goods. Moreover, an affirmation of fact is assumed to become the basis of the bargain. I.C. § 28-2-313 comments 6 and 8; *Jensen v. Seigel Mobile Homes Group*, 105 Idaho 189, 194, 668 P.2d 65, 70 (1983). However, if there is "clear proof" of some fact which took the affirmation out of the agreement, no express warranty will be found. *Jensen*, 105 Idaho at 194-95, 668 P.2d at 70-71.

■ Simplot contends that Tolmie Farms' prior use of Vapam provided it with "knowledge" of the product such that would remove any affirmations of fact about the product from the agreement. However, the affirmations in this case were wholly consistent with Tolmie Farms' experience. The record before this Court suggests that Vapam's failure to control the nematodes was a latent product defect unpredicted even by the product manufacturer. Upon this record, we fail to see how the farmer's prior use of the product in 1982 and 1983 would constitute "clear proof" that Tolmie Farms should have or could have known that Vapam applied in the fall of 1984 would utterly fail to control nematodes in the 1985 crop.

For the above reasons, we conclude that the record presents a genuine issue of material fact as to whether Simplot made the alleged express warranties. Accordingly, summary judgment against Tolmie Farms on its claim for breach of express warranty is reversed.

■ We have next reviewed the record to determine whether Simplot had effectively disclaimed all statutory warranties of merchantability and fitness for a particular purpose. Such warranties are implied as a matter of law and operate independently from any express warranty, unless they are effectively disclaimed. I.C. §§ 28-2-314 and 28-2-315.

Idaho Code § 28-2-316(3) provides for the exclusion of these warranties through

(a) ... language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and (b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and (c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.

Idaho Code § 28–1–205(1) defines a course of dealing as "a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." In *Rangen v. Valley Trout Farms*, 104 Idaho 284, 658 P.2d 955 (1983).

Tolmie Farms contends that no evidence was presented to show that there was a "common basis of understanding" that warranties were disclaimed. Further, it asserts that dealings between Simplot and Tolmie Farms were a series of annual sales with no "continuing contract" between them. Appellant argues that the "common basis of understanding" in this case was that each year, Tolmie Farms expressed its needs to Simplot, and Simplot recommended, warranted, and sold Vapam, which was delivered and applied to Tolmie Farms' fields. Appellant argues these transactions were a series of annual separate contracts and the Simplot invoices were for billing payment only and did not form any part of the sales agreement.

However, evidence established that over a period of four years, Tolmie Farms received a minimum of 160 mailings from Simplot containing invoices with valid warranty disclaimers on all products sold by Simplot. It was also undisputed that Tolmie Farms and Simplot had a continuing business relationship dating back to 1975, where the same disclaimer was incorporated into every Simplot invoice and sent to Tolmie Farms in conjunction with every

business transaction. Evidence was also presented at trial that Tolmie Farms received Vapam invoices containing the same disclaimer language as the Simplot invoices.

Further, the evidence established that a Vapam label containing a valid warranty disclaimer and a duplicate label was attached to the distribution tank at the Tolmie Farms each year of application of Vapam. Also, a valid warranty disclaimer was displayed on the side of the Simplot truck during each delivery of Vapam to the distribution tank. There is no evidence that Tolmie Farms ever objected to this disclaimer. Based on the undisputed facts, we hold that the conduct of transactions between Simplot and Tolmie Farms prior to the application of Vapam in the fall of 1984, established a common basis of understanding which can be recognized as a course of dealing described in I.C. § 28–1–205 and meets the requirements of I.C. § 28–2–316(3)(c). Accordingly, we affirm the district court's determination that Simplot effectively disclaimed all implied warranties.

### REAL PARTY IN INTEREST

█ Finally, we must examine the trial court's decision that Donald and Connie Tolmie were not the real parties in interest and their subsequent dismissal from the case.

Idaho Rule of Civil Procedure 17(a) states, "[e]very action shall be prosecuted in the name of the real party in interest." Simplot asserts that the real party in interest in this matter is Tolmie Farms and not Donald and Connie Tolmie individually. Further, that the crop which is the subject matter of the litigation belonged to Tolmie Farms.

The record presented to the district court establishes that between the fall of 1982 and March 1985, Donald and Connie Tolmie, and Donald's parents operated the farm as equal shareholders of Tolmie Farms. In his affidavit, Donald Tolmie asserts that on March 1, 1985, he and Connie Tolmie assumed the farming operations

of Tolmie Farms and that the assets of the corporation, including the claims set forth in this action, were transferred to them. He further asserts that he and Connie assumed the liabilities of the corporation and continued the farming operations for the remainder of 1985, in their own name. Donald Tolmie's deposition testimony on this point is consistent with his affidavit. He testified that Tolmie Farms was an active corporation in the fall of 1984 and in the spring of 1985, but that the farm did not operate as a corporate entity in the fall of 1985, the time of the crop failure. Simplot argues that there is no evidence in the record to evidence a transfer of rights to the Tolmies or that the corporate character of Tolmie Farms ever lapsed, or that the corporation ceased to operate or function as a viable business entity. If Simplot is correct, the absence of such tangible evidence might become significant when Simplot argues the issue of credibility to the jury. However, it is the position of this Court that Simplot's argument goes to the weight of the evidence and presents a genuine question of fact for the jury.

It is obvious that the loss of the crop in 1985, was incurred either by the Tolmie's individually, or by Tolmie Farms. However, it is not clear at this point which of these parties has the right to seek damages for the loss.

It would seriously prejudice the Tolmies were they to be prematurely dismissed from the case, and it is then later determined that they are the parties who sustained the loss on the damaged crop. It is not apparent to this Court that any prejudice would result to either defendant by allowing the Tolmies to remain in the action; it is clear that in any event the issue and facts presented in either situation would be the same.

Therefore, we reverse the district court order dismissing the Tolmies individually from the action. Although technically our ruling relates only to the Simplot motion, we direct the district court to reinstate the Tolmies as plaintiffs relative to all claims remaining in the action and to preserve

Stauffer's objection to their reinstatement for consideration in a future appeal.

## CONCLUSION

In conclusion we:

1. Affirm the district court's decision granting summary judgment to Simplot on the issue of express written warranty and on implied warranties;

2. Reverse the district court's decision granting summary judgment to Simplot on the issue of express oral warranty; and

3. Reverse the district court's order dismissing Donald and Connie Tolmie from the action.

Each party shall bear its own costs on appeal; no attorney fees awarded.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.