86 P.3d 503

STATE of Idaho, DEPARTMENT OF AGRICULTURE, on behalf of the COMMODITY INDEMNITY FUND, Plaintiff–Respondent,

v.

CURRY BEAN CO. INC., an Idaho corporation, Defendant–Appellant.

No. 28908.

Supreme Court of Idaho, Boise, December 2003 Term.

Feb. 27, 2004.

Hollifield and Bevan, Twin Falls, for appellant. William R. Hollifield argued.

Elam & Burke, P.A., Boise, for respondent. R. Michael Southcombe argued.

TROUT, Chief Justice.

Appellant Curry Bean Company ("CBC") appeals the district court's grant of summary judgment for the State of Idaho, Department of Agriculture, on behalf of the Commodity Indemnity Fund ("the Department"), finding that CBC failed to exhaust administrative remedies after the Department declared CBC failed and subsequently brought suit against CBC for indemnification for funds paid to claimants in accordance with Section 69–262 of the Idaho Code. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

CBC was a licensed and bonded bean warehouse pursuant to the provisions of Title 69, Chapter 2 of the Idaho Code. On April 11, 2002, the Director of the Idaho Department of Agriculture declared CBC failed for its inability to financially compensate parties who had stored commodities in its warehouse. The Department then notified parties unpaid by CBC that they should file claims with the Department for the amount they were owed. These claims were subsequently paid to claimants in the total amount of $419,116.33 by the Department according to the claims process outlined in Title 69, Chapter 2 of the Idaho Code. The Department then maintains it submitted notice of these claims and payments made to CBC as required by I.C. § 69–262(2) for comment and/or objection. As part of this notice, the Department asserts the communication included a notification to CBC that it had twenty (20) days to request a hearing contesting these claims and their valuations. CBC did not respond to the notice within the 20–day period.

When CBC subsequently failed to reimburse the Department for the claims paid, the Department brought this action in district court for recovery, to which CBC responded, arguing it was not responsible for the amounts paid because the Department improperly paid claims based upon a jury verdict that was then on appeal. Specifically, CBC argued that the Department determined the claim paid by the Department to

Griff, Inc. ("Griff"), should be in the same amount awarded to Griff by a jury, whose verdict was then on appeal at the time the Department made its valuation. CBC asserts the Department did not abide by I.C. § 69–262(2), which requires that the Department make its valuation of each claim against CBC at the time CBC was declared failed, not three months prior when the jury rendered its verdict for Griff.

The Department subsequently moved for summary judgment, which was granted on the basis that CBC was precluded from asserting its defense because it had failed to exhaust administrative remedies and had waived any right to contest the amount paid by the Department. CBC now appeals that determination.

## II.

### STANDARD OF REVIEW

 Summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court's review of a district court's ruling on a motion for summary judgment is the same as that required of the district court when ruling on the motion. On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Friel v. Boise City Housing Authority,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

## III.

### PROOF OF NOTICE ON SUMMARY JUDGMENT

 An underlying issue in this case to be addressed prior to any consideration of whether the Griff claim was properly valued, is whether the Department established for purposes of summary judgment that it sent a valid and proper notice to CBC of the claims made against CBC pursuant to I.C. § 69–262(2). The Department argued on summary judgment—and the district court agreed—that because CBC did not respond to the notice of claims paid sent by the Department to CBC, CBC is precluded from arguing about the Griff claim, because it never requested a hearing as provided by the statute. CBC argued at the summary judgment hearing and now on appeal, that it never received proper notice from the Department of the claims made against it, asserting that the form the Department sent regarding claims did not contain the names of any claimants or the amounts of their claims.

Idaho Code § 69–262(2) states in part:

> The department shall investigate each claim and shall notify each claimant, the warehouseman or dealer, and the advisory committee of the department's determination as to the validity and amount of each claimant's claim. A claimant or warehouseman or dealer may request a hearing on the department's determination within twenty (20) days of receipt of written notification and a hearing shall be held by the department pursuant to chapter 52, title 67, Idaho Code.

As proof that it sent the required notice of claimants and amounts to CBC, the Department submitted the affidavit of Dennis Doshier, Manager of the Bonded Warehouse Program of the Department, who stated that the claims that were submitted by claimants were reviewed by the Deputy Director of the Department of Agriculture and that, after these claims were approved, they were "communicated to Curry Bean Co., Inc. by letter on August 4, 2000.... Pursuant to law, the claims were submitted to Curry Bean Co., Inc. for comment and/or objection."

CBC argues on appeal, however, that the letter it received from the Department had blanks in the portions of the letter where the claimants and claim amounts were supposed to be listed. As such, it maintains it never received proper notice from the Department pursuant to the statute and accordingly, was not required to respond to the notice.

On review of a grant of summary judgment, this Court "liberally construes the record in the light most favorable to the party opposing the motion, drawing all inferences and conclusions in that party's favor, and if reasonable people could reach different conclusions or draw conflicting inferences then an order granting summary judgment must be reversed." *Zimmerman v. Volkswagen of America, Inc.*, 128 Idaho 851, 854, 920 P.2d 67, 70 (1996). However, "[i]t is axiomatic that upon a motion for summary judgment the non-moving party may not rely upon its pleadings, but must come forward with evidence by way of affidavit or otherwise which contradicts the evidence submitted by the moving party, and which establishes the existence of a material issue of disputed fact." *Zehm v. Associated Logging Contractors, Inc.*, 116 Idaho 349, 350, 775 P.2d 1191, 1192 (1988).

Although the assertions of compliance in the Doshier affidavit are conclusory, the record reveals that CBC did not present any evidence to contradict this affidavit, nor was there any objection made to the conclusory nature of the affidavit. In fact, the only time CBC made any reference to the issue of notice during the summary judgment proceedings was a few short sentences by CBC's attorney in response to a question asked by the district judge during oral argument. Accordingly, CBC has failed to establish a genuine issue of material fact on summary judgment and this Court must assume from the record that CBC received the notice required by statute from the Department.

## IV.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Because CBC failed to respond to the Department's notice of claimants and amounts of claims, we agree with the district judge that CBC is precluded from asserting its argument on appeal that the Department incorrectly valued the amount of the Griff claim. As cited above, I.C. § 69–262(2) provides a twenty-day period in which a warehouse may request a hearing from the Department in which it may object to or comment upon the claimants and amounts of

their claims. Because CBC did not respond to the Department's notice during this twenty-day period—and indeed took no action until the Department filed the present suit for indemnification—CBC failed to exhaust the administrative remedy available to it under the statute. "Where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. Absent a statutory exception, the exhaustion of an administrative remedy is a prerequisite for resort to the courts." *Pounds v. Denison*, 115 Idaho 381, 384, 766 P.2d 1262, 1264 (Ct.App.1988). Accordingly, we uphold the district court's grant of summary judgment to the Department.

## V.

## ATTORNEY FEES

The Department seeks attorney fees on appeal based on I.C. § 69–266, which states in part: "The director may bring suit on behalf of the commodity indemnity fund in the district court of Ada county to recover from the warehouseman, dealer, or surety the amount of the payment made from the commodity indemnity fund, together with costs and attorney's fees incurred in maintaining the suit." Because the Department has prevailed on appeal, we award it costs and attorney fees pursuant to the statute.

## VI.

## CONCLUSION

CBC presented no evidence on summary judgment to counter evidence presented by the Department that proper notice was provided to CBC according to the relevant statute. Thus, CBC's failure to request a hearing before the Department is fatal to its attempts now to contest the claims paid. We, therefore, uphold the district judge's grant of summary judgment to the Department, and award costs and attorney fees on appeal to the Department.

Justices SCHROEDER, KIDWELL, EISMANN, and BURDICK concur.