111 P.3d 125

**Rick and Danika VANVOOREN, husband and wife, Plaintiffs–Appellants–Cross Respondents,**

v.

**Marc T. ASTIN, M.D.; E. Monte Crandall, M.D.; Magic Valley Women's Health, P.C., Defendants–Respondents,**

and

**Donald E. Smith, M.D., Defendant–Respondent–Cross Appellant,**

and

**Darren W. Coleman, M.D.; Twin Falls Magic Valley Regional Medical Center; and John Does I through X, Defendants.**

No. 30628.

Supreme Court of Idaho, Boise, March 2005 Term.

March 30, 2005.

White Peterson, P.A., Nampa, for appellants. John R. Kormanik argued.

Tolman Law Office, P.C., Twin Falls, for respondent, cross-appellant. Jennifer Kauth Brizee argued.

JONES, Justice.

Rick and Danika VanVooren appeal from the district court's order granting summary judgment in favor of the respondent health care providers. The court held that I.C. § 5–334, which prohibits wrongful birth claims, barred the VanVoorens' claim for negligent infliction of emotional distress. Dr. Smith, one of the providers, cross-appealed, arguing the district court abused its discretion in denying his request for attorney

fees. Both parties seek attorney fees on appeal. We affirm the district court's orders and decline to award fees on appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2002, the VanVoorens filed suit against Drs. Astin, Smith, Crandall, and Coleman, as well as Magic Valley Women's Health, P.C., and Twin Falls Magic Valley Regional Medical Center (Hospital). They asserted various causes of action stemming from the defendants' care of Danika Van-Vooren during her pregnancy with Bailey VanVooren. The child was born with severe birth defects and died shortly thereafter. The VanVoorens alleged wrongful birth claims, i.e. that the defendants' failure to properly diagnose the birth defects denied them the opportunity to terminate the pregnancy. An Amended Complaint was filed on July 30, 2002, asserting the following causes of action: (1) negligence against all defendants, except the Hospital; (2) negligence against Dr. Astin and the Hospital relating to a tubal ligation; (3) negligent infliction of emotional distress against all defendants; and (4) intentional infliction of emotional distress against Dr. Astin and the Hospital.[1]

An Answer was filed to the Amended Complaint on August 30, 2002. Dr. Smith moved for summary judgment in December 2003, claiming I.C. § 5-334 barred all the Van-Voorens' causes of action against him. The other defendants joined the motion, seeking partial summary judgment on the wrongful birth claims. The VanVoorens filed a memorandum in opposition to the motion for summary judgment in which they conceded their negligence claim (count one) was precluded by I.C. § 5-334, but argued their claim for negligent infliction for emotional distress was not barred.

The district court granted summary judgment in favor of Dr. Smith on all claims.

Summary judgment was granted in favor of the other defendants on the negligence claim (count one) and on the claim of negligent infliction of emotional distress (count three) to the extent that it relied on a wrongful birth theory. The VanVoorens timely appealed. The district court refused to award attorney fees to Dr. Smith, prompting a cross-appeal.

## II.

## ANALYSIS

### A. The District Court Properly Granted Summary Judgment on the Wrongful Birth Claims.

A wrongful birth cause of action is one brought by the parents of an infant born with birth defects, wherein the parents claim (1) the negligence of a physician precluded the parents from making an informed decision as to whether to have the child, and (2) they would have terminated the pregnancy had they been properly advised of the nature and extent of the birth defects. *Blake v. Cruz*, 108 Idaho 253, 255, 698 P.2d 315, 317 (1984). A wrongful birth cause of action was recognized in *Blake*. However, the Idaho Legislature subsequently enacted Idaho Code § 5-334 for the specific purpose of overturning *Blake*. That section provides:

(1) A cause of action shall not arise, and damages shall not be awarded, on behalf of any person, based on the claim that but for the act or omission of another, a person would not have been permitted to have been born alive but would have been aborted.

(2) The provisions of this section shall not preclude causes of action based on claims that, but for a wrongful act or omission, fertilization would not have occurred, maternal death would not have occurred or handicap, disease, defect or deficiency of an individual prior to birth would have been prevented,

---

1. All counts of the Amended Complaint allege that defendants were negligent by virtue of providing medical treatment that fell below the applicable standard of care. Yet, the VanVoorens do not allege they brought their claim before a medical screening panel, which is a condition precedent to filing a medical malpractice claim. Idaho Code § 6-1001 requires that medical malpractice claims be presented to a hearing panel for prelitigation consideration. On the other hand, the defendants have failed to plead this apparent deficiency as an affirmative defense.

cured or ameliorated in a manner that preserved the health and life of the affected individual.

In each count of their Amended Complaint, the VanVoorens alleged that they would have terminated the pregnancy if it had not been for the defendants' negligent failure to diagnose their daughter's birth defects. Paragraph 25 in count one provides: "But for the negligence of Defendants Marc T. Astin, E. Monte Crandall, Donald E. Smith, Darren W. Coleman, and Magic Valley Women's Health Clinic in failing to properly diagnose Bailey's numerous congenital defects, the Plaintiffs would have terminated the pregnancy." This paragraph is realleged in all other counts of the Amended Complaint.

■ Dr. Smith moved for summary judgment, claiming I.C. § 5–334 barred all the VanVoorens' causes of action against him. The other defendants joined in the motion, which was granted by the district court. The VanVoorens appealed to this Court. In reviewing a summary judgment, this Court employs the same standard used by the trial court in ruling on the motion. *Union Pacific Land Resources Corp. v. Shoshone County Assessor,* 140 Idaho 528, 96 P.3d 629, 2004 WL 1698881 (2004). Summary judgment must be granted if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c).

Idaho Code § 5–334 squarely applies to the claims alleged by the VanVoorens. They assert in each cause of action that, but for the negligence of the defendants, they would have terminated the pregnancy. This is precisely the type of claim that section 5–334 was designed to prohibit.

■ The VanVoorens argue that, even though they specifically alleged wrongful birth claims, they should be able to proceed with their claim of negligent infliction of emotional distress (count three) under notice pleading standards. While they do not contend they pleaded a sufficient claim of negligent infliction of emotional distress, absent the wrongful birth allegations, they point to

deposition testimony argued to the district court to support their contention that the claim was properly presented, at least to the extent necessary to avert summary judgment. Their claim is based on testimony in Mrs. VanVooren's deposition that, had she known of Bailey's birth defects, she would have taken certain actions to better prepare for the birth. However, deposition testimony is not sufficient to accomplish an amendment to a complaint. At no time did the VanVoorens move to further amend their complaint to state a claim for negligent infliction of emotional distress that did not specifically incorporate and rely upon the wrongful birth allegations.

This Court has repeatedly held that "issues considered on summary judgment are those raised by the pleadings." *Beco Const. Co. v. City of Idaho Falls,* 124 Idaho 859, 865, 865 P.2d 950, 956 (1993) (quoting *Gardner v. Evans,* 110 Idaho 925, 939, 719 P.2d 1185, 1199 (1986), cert. denied, 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701). In *Gardner,* the issue of defamation had not been raised in the pleadings. *Gardner,* 110 Idaho at 939, 719 P.2d at 1199. This Court declined to rule on the issue, reasoning that there was "nothing within the pleadings which can fairly be viewed as adequately giving notice of the claim." *Id.* Similarly, in *Beco,* this Court declined to review the issue of breach of the covenant of good faith and fair dealing because the plaintiff had not alleged that cause of action in the amended complaint. *Beco,* 124 Idaho at 865, 865 P.2d at 956.

■ Like the plaintiffs in *Beco* and *Gardner,* the VanVoorens did not plead the claim they wish this Court to now consider. At no time before or after the summary judgment hearing did they attempt to further amend their pleading to assert the claim they now argue. Rather, the VanVoorens attempt to bootstrap an amendment to the complaint by citing Mrs. VanVooren's deposition testimony. The VanVoorens appear to claim the pleading, supplemented by the deposition testimony, is sufficient to put the opposing party on notice of one cause of action, a medical malpractice claim for negligent infliction of emotional distress, when they have specifically alleged another cause of action in

their complaint, wrongful birth. However, a fair reading of count three of their Amended Complaint would not give the opposing party that impression. Because the only issues considered on summary judgment are those raised by the pleadings and because we find that the VanVoorens did not include anything in their Amended Complaint that can fairly be viewed as adequately giving notice of the claim they wish this Court to now consider, we affirm the district court's ruling.

**B. The District Court Did Not Abuse Its Discretion in Denying Dr. Smith's Motion For Attorney Fees.**

■ Dr. Smith requested attorney fees under I.C. § 12–120 and 12–121. The district court denied the request for attorney fees in an order filed on March 22, 2004. On cross-appeal, Dr. Smith challenges the district court's denial of his request for attorney fees pursuant to I.C. § 12–121.

■ A district court's determination as to whether to award attorney fees is a factual determination to which this Court applies an abuse of discretion standard of review. *State v. Byington,* 132 Idaho 589, 592, 977 P.2d 203, 206 (1999) (citing *Miller v. EchoHawk,* 126 Idaho 47, 878 P.2d 746 (1994)). In reviewing an exercise of discretion, this Court must consider "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

It is clear the district court correctly perceived the decision of whether to award attorney fees pursuant to I.C. § 12–121 as one of discretion. It stated, "Certainly, under Section 12–121 and Rule 54(e)(1) allows this court to exercise its discretion to award fees, but only if the court determines that the case was brought, pursued in a frivolous, unreasonable manner or without foundation." The district court held that the VanVoorens "presented a sufficient issue of statutory interpretation to preclude an award of attorneys

fees" in addition to noting that there have been no cases that have decided I.C. § 5–334 since its enactment. The VanVoorens made a good faith argument on count three of their Amended Complaint, negligent infliction of emotional distress. The district court properly exercised its discretion on this issue and we will not disturb its ruling.

**C. The Parties' Requests For Attorney Fees On Appeal Are Denied.**

■ The VanVoorens request attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 40, asserting that any defense by Dr. Smith is frivolous, given the plain language of I.C. § 5–334. However, they have not prevailed on appeal. Because the VanVoorens are not the prevailing party, their request for attorney fees on appeal is denied.

■ Dr. Smith requests attorney fees on appeal pursuant to I.C. § 12–121, I.R.C.P. 54 and I.A.R. 41. This Court may award attorney fees to the prevailing party only if we are left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably, or without foundation. *Durrant v. Christensen,* 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). However, we find the VanVoorens made a good faith argument on their claim for negligent infliction of emotional distress and that the pursuit of that claim was not frivolous, unreasonable or without foundation within the meaning of *Durrant.* Therefore, attorney fees are not awarded to Dr. Smith on appeal.

**III.**

**CONCLUSION**

We hold the district court properly granted summary judgment in favor of Dr. Smith and the other defendants and did not abuse its discretion in denying Dr. Smith's request for attorney fees. Both parties' requests for attorney fees on appeal are denied. Costs are awarded to the respondents.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.