188 P.3d 854

**ESSER ELECTRIC, Plaintiff–Appellant,**

v.

**LOST RIVER BALLISTICS TECHNOLOGIES, INC., Defendant–Respondent.**

No. 33232.

Supreme Court of Idaho, Idaho Falls, October 2007 Term.

May 15, 2008.

Rehearing Denied July 11, 2008.

James Annest, Burley, for appellant.

Racine, Olson, Nye, Budge & Bailey Chartered, Pocatello, for respondent. Carol Tippi Volyn argued.

EISMANN, Chief Justice.

## I. FACTS AND PROCEDURAL HISTORY

On December 23, 2003, Esser Electric, Inc., (Esser Electric) filed a verified complaint against Lost River Ballistic Technologies, Inc., (Lost River) seeking to recover for labor and materials it provided in performing electrical work in a building located in Arco. Esser Electric was at that time represented by attorney Lary Sisson. The complaint sought to recover for breach of an oral contract and unjust enrichment. In its answer, Lost River admitted that it had entered into both an oral contract and a written contract with Esser Electric and alleged it had paid all sums due in full. It asserted that Esser Electric had failed to perform the work according to the applicable code requirements and had over billed for the work done. In addition to denying that it owed any additional sums, Lost River also counterclaimed for breach of contract, fraud, and breach of the

implied covenant of good faith and fair dealing. Esser Electric filed a reply denying the material allegations in the counterclaim.

On July 2, 2004, Lost River filed a motion for summary judgment. It supported the motion with the affidavit of its president and with requests for admissions that were deemed admitted because Esser had not responded to them.[1] The motion was set for hearing on September 22, 2004.

On July 23, 2004, attorney Sisson on behalf of Esser Electric filed a motion to withdraw or amend some of the admissions. He also filed an objection to the motion for summary judgment in which he stated that if the motion to withdraw or amend the admissions is granted, the motion for summary judgment should be denied. He scheduled his motion to be heard on September 22, 2004, the same date as the oral argument on Lost River's motion for summary judgment. Attorney Sisson did not file any affidavits controverting allegations made in the affidavit of Lost River's president, nor did he object to that affidavit.

The district court heard both motions and took them under advisement. On November 2, 2004, the district court issued an opinion granting Lost River's motion for summary judgment in part. It determined, based upon the affidavit of Lost River's president, that Esser Electric was not entitled to recover anything on its complaint and that Lost River had established liability on its counterclaims. The only issue remaining to be tried was the amount of damages, if any, that Lost River was entitled to recover on its counterclaims. Because it had granted Lost River's motion for summary judgment based upon the affidavit of its president, the district court held that Esser Electric's motion to amend or withdraw its admissions was moot.

The damages were tried to a jury on April 5, 2005, and it awarded damages in the sum of $33,123.75. After the trial, Esser Electric filed a motion for a new trial on the grounds that the jury's award of damages appeared to have been given under the influence of passion or prejudice, that the damages were unsupported by the evidence, and that there were errors in law in the district court's evidentiary rulings. It also filed a motion for judgment notwithstanding the verdict. Prior to argument on that motion, Sisson withdrew as counsel for Esser Electric and James Annest appeared on its behalf. Both motions were heard and denied by the district court. The district court also awarded Lost River costs and attorney fees totaling $23,551.37, resulting in a total judgment of $56,675.12. Esser Electric timely filed a notice of appeal.

## II. ISSUES ON APPEAL

1. Did the district court err in granting summary judgment to Lost River where Esser Electric's attorney Lary Sisson had failed to respond to the motion?

2. Did the district court err in considering the affidavit of Lost River's president in granting the motion for summary judgment?

3. Did the district court err in failing to consider Esser Electric's verified complaint insofar as it controverted the affidavit of Lost River's president?

4. Did the district court err in giving a jury instruction requested by Esser Electric's counsel?

5. Did the district court err in failing to grant either Esser Electric's motion for a new trial or its motion for a judgment n.o.v. on the ground that Lost River had waived the claimed defects by ratifying the contracts?

6. Is Lost River entitled to an award of attorney fees on appeal pursuant to either Idaho Code § 12–120(3) or § 12–121?

## III. ANALYSIS

**A. Did the District Court Err in Granting Lost River's Motion for Summary Judgment where Esser Electric's Attorney Lary Sisson Had Failed to Respond to the Motion?**

Esser Electric's attorney Lary Sisson did not present any sworn statements in

---

1. Lost River served the requests for admissions on Esser Electric on March 22, 2004. Rule of Civil Procedure 36(a) in effect in 2004 provided that a request for admission was deemed admit-
ted if a written answer or objection was not served within fifteen days upon the party who had served the request(s) for admission(s).

opposition to Lost River's motion for summary judgment. As a result, the district court granted partial summary judgment holding that Esser Electric was not entitled to recover on its complaint and that Lost River was entitled to recover damages on its counterclaims. On appeal, Esser Electric contends that the district court should have refused to grant summary judgment because of the gross misfeasance of its counsel. It points out that defendants in criminal cases have the right to effective assistance of counsel. It argues that we should create a similar right in civil cases where counsel's errors have deprived a party of the right to a fair trial on all or some of the issues in the case.

In 1906 this Court addressed the issue of whether parties against whom a judgment had been entered could obtain equitable relief on the ground that they had been unable to present a full and complete defense due to the negligence and unskillfulness of their counsel. We held that they could not. In so holding, we quoted with approval from 1 Black on Judgments, section 375, as follows: "It is well settled that equity will not relieve against a judgment at law on account of any ignorance, unskillfulness, or mistake of the party's attorney (unless caused by the opposite party) nor for counsel's negligence or inattention. The fault in such cases is attributed to the party himself." *Donovan v. Miller*, 12 Idaho 600, 606, 88 P. 82, 83 (1906).

Most recently, in *Goodman v. Lothrop*, 143 Idaho 622, 151 P.3d 818 (2007), a party to the litigation argued that she should be relieved from a mediation agreement because she would not have entered into the agreement but for her attorney's failure to properly advise her on the applicable law. Citing the *Donovan v. Miller* case, we rejected her argument, stating, "She voluntarily chose her attorney and cannot avoid the consequences of any failure on his part to advise her of the applicable law." 143 Idaho at 627, 151 P.3d at 823.

For over 100 years this Court has held that a party is not entitled to relief from a judgment on the ground that the judgment was entered due to the negligence or unskillfulness of the party's attorney. Esser Electric has not convinced us that we should

change that policy. Therefore, it is not entitled to a new trial on the ground that its counsel committed misfeasance in failing to respond adequately to the motion for summary judgment.

**B. Did the District Court Err in Considering the Affidavit of Lost River's President in Granting the Motion for Summary Judgment?**

 Lost River's motion for summary judgment was supported by the affidavit of its president. Esser Electric did not object to that affidavit in the trial court. On appeal, Esser Electric contends that the district court erred in relying upon it because it did not comply with Rule 56(e) of the Idaho Rules of Civil Procedure. That rule states, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "The party offering the evidence must also affirmatively show that the witness is competent to testify about the matters stated in his testimony. Statements that are conclusory or speculative do not satisfy either the requirement of admissibility or competency under Rule 56(e)." *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 164, 45 P.3d 816, 820 (2002) (citations omitted). Esser Electric contends that the district court should not have considered the affidavit of Lost River's president because it contained hearsay and conclusory statements.

 A trial court has the discretion to decide whether an affidavit offered in support of or opposition to a motion for summary judgment is admissible under Rule 56(e), even if that issue is not raised by one of the parties. *Rhodehouse v. Stutts*, 125 Idaho 208, 868 P.2d 1224 (1994). However, we have not required the trial court to rule on the admissibility of the affidavit when there is no objection to it. If there is no timely objection, the trial court can grant summary judgment based upon an affidavit that does not comply with Rule 56(e). *State, Dept. of Agric. v. Curry Bean Co. Inc.*, 139 Idaho 789, 86 P.3d 503 (2004) (conclusory

affidavit); *Tolmie Farms, Inc. v. J.R. Simplot Co., Inc.,* 124 Idaho 607, 862 P.2d 299 (1993) (statements containing hearsay and lacking adequate foundation); *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 837 P.2d 805 (1992) (statements lacked adequate foundation). Because Esser Electric did not object to the affidavit of Lost River's president, the district court did not err in relying upon it when granting Lost River's motion for summary judgment.

## C. Did the District Court Err in Failing to Consider Esser Electric's Verified Complaint Insofar as It Controverted the Affidavit of Lost River's President?

Esser Electric argues on appeal that the district court erred in granting summary judgment because at least some of the allegations in the affidavit of Lost River's president were controverted by allegations in Esser Electric's verified complaint. A motion for summary judgment can be countered by sworn statements in the record that comply with Rule 56(e) of the Idaho Rules of Civil Procedure. *McCoy v. Lyons,* 120 Idaho 765, 820 P.2d 360 (1991). Those statements can be in affidavits, depositions, or in a verified pleading. *Id.* They can also be statements that were already in the record prior to the filing of the motion for summary judgment. *Id.* However, in this case Esser Electric's original attorney did not call the district court's attention to the fact that the complaint was verified or argue that it was sufficient to oppose the summary judgment.

In response to Lost River's argument that there were no affidavits opposing its motion for summary judgment and that it was entitled to judgment dismissing the complaint and establishing liability on the counterclaims, Esser Electric's original attorney argued as follows:

MR. SISSON: I would not, first attacking the issue of summary judgment, in the—in Rule 56(c), talking about that, it says, "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact."

THE COURT: Okay. Now, its your position this morning that you're entitled to rely upon your pleading?

MR. SISSON: That's correct, Your Honor. We cannot—it's our position that, first of all, that we have to take a whole—the whole totality of the file, including pleadings, admissions, so on and so forth, to determine summary judgment.

Second of all, if we're operating under the theory that Mr. Erickson is going under, we're essentially circumventing the opportunity for our client to place his, his, his claims before a trier of fact. We're essentially not allowing him to present the merits of his action.

We'd also note that case law shows that in a motion for summary judgment, all facts and inferences should be drawn in favor of the nonmoving party. Obviously that would be the plaintiff in this case.

Like I said, in regards to summary judgment, this is an attempt by the defense to circumvent having a jury listen to our claims; allowing us to present our claims in a jury—before a jury, who is the ultimate trier of fact; and have them determine whether there was a breach of contract, if Mr. Esser was at fault, or Lost River Ballistics was at fault, who was at fault.

At the hearing on the motion for summary judgment, Esser Electric's original counsel did not expressly mention the verified complaint. He simply quoted a portion of one sentence in Rule 56(c) and argued that granting Lost River's motion for summary judgment was merely an attempt to prevent Esser Electric from presenting its claims to a jury.

The entire sentence in Rule 56(c) from which Esser Electric's original counsel quoted reads, "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When faced with a motion for summary judgment, a trial court must look at the pleadings in the case to determine

whether a party is entitled to judgment as a matter of law.

 The trial court must examine the pleadings to determine what issues are raised in the case. The only issues considered on summary judgment are those raised by the pleadings. *Vanvooren v. Astin,* 141 Idaho 440, 111 P.3d 125 (2005); *Lexington Heights Dev., LLC v. Crandlemire,* 140 Idaho 276, 92 P.3d 526 (2004); *Beco Constr. Co. v. City of Idaho Falls,* 124 Idaho 859, 865 P.2d 950 (1993); *Gardner v. Evans,* 110 Idaho 925, 719 P.2d 1185 (1986). The trial court must also examine the pleadings to determine whether all or only some issues raised in the pleadings have been placed at issue by the motion for summary judgment. The trial court may not decide an issue not raised in the moving party's motion for summary judgment, *Harwood v. Talbert,* 136 Idaho 672, 39 P.3d 612 (2001), and it must determine whether the moving party has shown that there is a lack of any genuine issue of material fact as to each issue raised by the motion, *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 987 P.2d 300 (1999). Finally, the trial court must examine the pleadings to determine what allegations have been admitted by the parties. There is no genuine issue of material fact as to issues admitted by the parties in their pleadings. *McKee Bros., Ltd. v. Mesa Equip., Inc.,* 102 Idaho 202, 628 P.2d 1036 (1981).

 In this case, the district court's opinion shows that the district court did examine the pleadings to determine the issues raised. There is no indication, however, that the court noticed that the complaint was verified. The verification was on a page following the prayer for relief. Esser Electric's counsel did not argue below that the verified complaint was sufficient to create a genuine issue of material fact precluding summary judgment. Therefore, we will not consider it on appeal. *Sprinkler Irrig. Co., Inc. v. John Deere Ins. Co., Inc.,* 139 Idaho 691, 85 P.3d 667 (2004) (argument that verified complaint furnished sufficient, material facts to rebut a motion for summary judgment would not be considered on appeal where it was not argued below).

 There is a valid reason for requiring a party to argue to the trial court that a verified pleading should be considered in opposition to a motion for summary judgment. To be considered, a verified pleading must satisfy the requirements of Rule 56(e), just as would an affidavit or deposition testimony. It must be "made on personal knowledge," "set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify to the matters stated therein." In addition, the party offering the verified pleading must affirmatively show that the person who verified it is competent to testify about the matters stated therein. *Dulaney v. St. Alphonsus Reg'l Med. Ctr.,* 137 Idaho 160, 164, 45 P.3d 816, 820 (2002). Statements in a verified pleading that are conclusory or speculative would not satisfy either the requirement of admissibility or competency under Rule 56(e). *Id.* Requiring that the proponent of the verified pleading argue that it should be considered by the court gives an opposing party an opportunity to object to its consideration on the ground that it does not comply with the requirements of Rule 56(e). The trial court can then rule on its admissibility. In its opening brief on appeal, Esser Electric admitted, "Whether the verification satisfies the requirements of rule 56(e) is questionable."

 In addition, the trial court is not required to search the record looking for evidence that may create a genuine issue of material fact; the party opposing the summary judgment is required to bring that evidence to the court's attention. *Coeur d'Alene Mining Co. v. First Nat'l Bank of North Idaho,* 118 Idaho 812, 800 P.2d 1026 (1990) (where trial court denied motion for summary judgment but specified what material facts existed without substantial controversy pursuant to Rule 56(d), it did not err in denying motion to reconsider the specification of uncontroverted facts where the moving party did not bring relevant deposition testimony to the trial court's attention). Where Esser Electric's counsel did not argue to the district court that the verified complaint should be considered as a sworn statement in opposition to the motion for

summary judgment, we will not consider on appeal whether the district court erred in failing to do so.

### D. Did the District Court Err in Giving a Jury Instruction Requested by Esser Electric's Counsel?

■ Esser Electric's trial counsel requested a jury instruction specifying the applicable measure of damages if the jury determined that Lost River was entitled to recover damages. The district court gave an instruction that was in substance identical to that requested by Esser Electric's trial counsel. It stated that the damages recoverable were the cost of bringing the work done by Esser Electric into compliance with the applicable electrical, building, and plumbing codes. Esser Electric now contends that the instruction was incorrect because it did not instruct the jury regarding the correct measure of damages. It is unnecessary for us to evaluate Esser Electric's challenge to the jury instruction.

"[O]ur cases clearly reject the notion that one may assert as error the court's instructing in language which that person has specifically requested the court to give, regardless of whether it was a correct statement of the law." *McBride v. Ford Motor Co.*, 105 Idaho 753, 762, 673 P.2d 55, 64 (1983); *Accord, Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 903 P.2d 730 (1995) (party cannot argue on appeal that trial court erred in giving a jury instruction requested by that party); *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976) (party could not assign as error on appeal the giving of a jury instruction that was substantially identical to an instruction requested by that party, regardless of whether the instruction was a correct statement of the law). Since the instruction challenged was virtually identical to the one requested by Esser Electric, we will not consider this issue on appeal.

### E. Did the District Court Err in Failing to Grant either Esser Electric's Motion for a New Trial or Its Motion for a Judgment N.O.V. on the Ground that Lost River Waived the Claimed Defects by Ratifying the Contracts?

■ **1. The motion for a new trial.** Esser Electric moved for a new trial on three grounds: (a) the jury awarded excessive damages that appeared to have been given under the influence of passion or prejudice; (b) there was insufficient evidence to support the verdict; and (c) there were errors in law occurring at the trial. The district court denied the motion on those grounds and Esser Electric does not challenge that denial on appeal. Instead, it challenges the district court's failure to address a different issue that Esser Electric raised for the first time in its briefing in support of the motion for a new trial.

In its brief in support of the motion for a new trial, Esser Electric raised the contention that it was entitled to a new trial because Lost River had waived the claimed defects and fraud by ratifying the contracts. Esser Electric did not raise that issue in its pleadings, nor did it argue that issue in response to the motion for summary judgment. It first raised the issue after judgment had been entered on the jury's verdict. In its decision denying the motion for a new trial, the district court did not address the issue of ratification. Esser Electric argues that the district court abused its discretion by failing to address the issue and that Esser Electric is entitled to a new trial because of it.

■ Rule 59(a) lists several reasons for granting a new trial. The reasons listed do not include that a new trial may be granted so the jury can consider issues the party did not raise until after the conclusion of the trial. Therefore, there was no harm in the district court's failure to address whether Esser Electric is entitled to a new trial so that the jury can consider the issue of ratification.

■ **2. The motion for a judgment n.o.v.** Esser Electric moved for a judgment n.o.v. pursuant to Rule 50(b) of the Idaho Rules of Civil Procedure. It based its motion upon the assertion "that the evidence was [of] insufficient quantity and probative value that reasonable minds could not reach the same conclusion as did the jury." The district court denied the motion, and on ap-

peal Esser Electric contends that it was entitled to a judgment n.o.v. because Lost River had waived the claimed defects and fraud by ratifying the contracts. As mentioned above, that issue was not raised until after the trial. The district court did not err in failing to grant the motion for a judgment n.o.v.

### F. Is Lost River Entitled to an Award of Attorney Fees on Appeal Pursuant to Either Idaho Code § 12–120(3) or § 12–121?

■ Lost River seeks an award of attorney fees under Idaho Code § 12–120(3) on the ground that this is an action on a commercial transaction. That statute provides, "In any civil action to recover ... in any commercial transaction ..., the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." A commercial transaction is defined as "all transactions except transactions for personal or household purposes." I.C. § 12–120(3).

The transaction between Esser Electric and Lost River was a commercial transaction. Esser Electric was to provide upgrades and improvements to a building used by Lost River in its business. Esser Electric sued for breach of contract and unjust enrichment seeking to recover sums it contended were still owing for the work it performed. Lost River counterclaimed for breach of contract, fraud in billing under the parties' agreements, and breach of the implied covenant of good faith and fair dealing. Esser Electric contends that only one of Lost River's claims for relief was for breach of contract, and even the breach of contract could be viewed as negligence in performing the services required under the contract.

■ "The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute the basis upon which the party is attempting to recover." *Ervin Constr. Co. v. Van Orden*, 125 Idaho 695, 704, 874 P.2d 506, 515 (1993). The gravamen of the claims at issue in this case arose out of the commercial transaction between Esser Electric and Lost River to improve Lost River's commercial premises.

Esser Electric's claims for breach of contract and unjust enrichment were both to recover on the commercial transaction. *Willie v. Board of Trustees, Oneida School Dist. No. 351*, 138 Idaho 131, 136, 59 P.3d 302, 307 (2002) ("Under I.C. § 12–120(3), the prevailing party in a civil action involving a commercial transaction based on a contract is entitled to an award of reasonable attorney fees"); *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 36 P.3d 218 (2001) (gravamen of an unjust enrichment claim can be a commercial transaction). Contrary to Esser Electric's assertion, Lost River's counterclaim for breach of the implied covenant of good faith and fair dealing is a breach of contract claim. *Bakker v. Thunder Spring–Wareham, LLC*, 141 Idaho 185, 108 P.3d 332 (2005). Thus, the counterclaim alleged two breach of contract claims, both of which arose out of the commercial transaction. The third claim alleged by Lost River was for fraud. When a claim for fraud is integral to the commercial transaction between the parties, attorney fees are awardable under Idaho Code § 12–120(3) to the prevailing party on that claim. *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 152 P.3d 594 (2007); *Lettunich v. Key Bank Nat'l Ass'n*, 141 Idaho 362, 109 P.3d 1104 (2005). In this case, the claim for fraud was integral to the parties' commercial transaction because it arose out of the manner in which Esser Electric billed for its work. Thus, the gravamen of all of the claims alleged by both parties in this lawsuit was the commercial transaction between the parties. As the prevailing party on appeal, Lost River is entitled to an award of a reasonable attorney fee under Idaho Code § 12–120(3). Because we award fees under that statute, we need not address whether Lost River is also entitled to an award of attorney fees under Idaho Code § 12–121.

### IV. CONCLUSION

The judgment of the district court is affirmed. We award costs on appeal, including a reasonable attorney fee, to the respondent.

Justices BURDICK, HORTON and Justice Pro Tem BUSH concur.

J. JONES, J., concurring in part and dissenting in part.

I concur in the Court's legal analysis of the issues presented on appeal in this case. I disagree, however, with the conclusion reached in Part III.C.—that Esser Electric did not adequately bring its grounds for opposing the summary judgment to the district court's attention. Under the circumstances presented, where Esser Electric's counsel specifically identified the complaint as the basis for opposing the summary judgment, the district court should have looked at the entire complaint and noticed the verification page.

During the hearing on the motion for summary judgment, the district court inquired of Esser's counsel, "Now, it's your position this morning that you're entitled to rely upon your pleading?" Counsel responded, "That's correct, Your Honor." In its ruling on the motion, the court noted, "At oral argument, Esser explicitly relied upon its pleadings to support its opposition to Lost River's motion for summary judgment." The memorandum opinion does not indicate whether the judge noticed the complaint contained a verification clause but a fair reading of the opinion would indicate that the court appeared to be of the view that opposition to a summary judgment must be by way of affidavits or depositions. The court seems not to have been aware that a properly verified complaint can be the source of facts upon which a summary judgment can be opposed. *Sherer v. Pocatello School Dist. No. 25,* 143 Idaho 486, 490, 148 P.3d 1232, 1236 (2006) (factual allegations in a verified complaint sufficient to raise genuine issue in summary judgment proceeding).

Here, the district court was obviously aware of the complaint, as demonstrated by the colloquy at the summary judgment hearing, as well as six footnote references to the complaint in the court's memorandum opinion granting summary judgment. The complaint was only four pages long. Had the district court checked to ensure that Esser had properly demanded a jury trial, it would have noticed the verification clause, as both were located on page 4. The district court erred either in believing the complaint to be unverified or in believing something more than the verified complaint was required to oppose the motion for summary judgment.

This is not a case where counsel opposing summary judgment failed to specifically highlight his pleading as the basis for opposing the summary judgment. Nor is it the case, as sometimes happens, where the verification occurs in a later affidavit. The complaint was identified as the basis for opposing the summary judgment, the district court made numerous references to the complaint, and the court should have examined the entire complaint.