(No. 5892.   December 9, 1932.)

C. F. MAGEE, Appellant, v. INEZ L. WINN, Respondent.

[16 Pac. (2d) 1062.]

J. H. Felton, for Appellant.

Orland & Goff, for Respondent.

LEE, C. J.—Plaintiff and appellant, Magee, a physician and surgeon, sued two sisters, Inez and Nita Winn, for

professional and hospital fees consequent upon an operation involving Nita Winn. Paragraph 3 of the complaint charged: "That he found the said Nita Winn in a very dangerous condition which necessitated an immediate operation to save her life and that at the solicitation and request of the defendant, Inez L. Winn, he took the said Nita Winn to his hospital in Moscow, Idaho, such hospital being called the Inland Hospital." A general as well as a special demurrer upon the ground of misjoinder having been interposed, leave was given appellant to dismiss without prejudice as to defendant Nita Winn, and to substitute for paragraph 3 the following:

"That he found the said Nita Winn in a very dangerous condition which necessitated an immediate operation to save her life, and that the said defendant, Inez L. Winn solicited the plaintiff to furnish all necessary and proper medical and surgical care and attention, and agreed to pay therefor, and contracted with the plaintiff to perform the same, and at such solicitation and request and upon said promises to pay, he took the said Nita Winn to his hospital in Moscow, Idaho, such hospital being called the Inland Hospital."

It was alleged that the operation was duly performed, followed by successful recovery. Defendant and respondent, Inez Winn, answered, specifically denying all the material allegations of the complaint. Upon the trial, however, all such allegations were admitted with the exception of one, to wit: the plead contract relied on. This is apparent from the statement of respondent's counsel, "The only thing there is any dispute about in this case is whether or not Miss Inez Winn agreed to pay for anything." At the conclusion of plaintiff's evidence, respondent moved for a nonsuit upon the ground that the evidence disclosed a guarantee instead of an original promise and, there being no promise in writing, the agreement was unenforceable under the statute of frauds. The motion was denied, renewed at the close of the case and again denied. Respondent secured verdict and judgment. Appellant moved

for a new trial, which was refused, and he is here on appeal from both judgment and order.

Primarily, he objects to certain instructions respecting the statute of frauds, claiming that, since the statute was not specially plead as a defense, any instruction concerning it was erroneous, confusing and misleading the jury. While admitting in her brief that the complaint "alleges a direct, original contract, before the work was done, between the plaintiff and defendant" and that "the legal effect of the complaint is therefore to expressly allege a contract not within the prohibition of the statute," respondent urges that the special defense of the statute was available to her under her "denial of the contract as pleaded." She furthermore contends that, by reason of not objecting to her indicated reliance upon the statute as a defense and arguing to the jury that plaintiff's exhibit "A" was sufficient to bind defendant under the statute, appellant not only waived the error but invited it and adopted respondent's theory, irrespective of the pleadings.

Notwithstanding that the first proposition is supported by much respectable authority, this court in *Bevercombe v. Denney & Co.*, 40 Ida. 34, 39, 231 Pac. 427, declared unequivocally for the opposite rule in the following, unambiguous announcement:

"It is the general rule, we believe, that where it does not appear from the complaint that the contract sued on falls within the statute of frauds, the party relying on the statute as a defense must allege it in his answer. In other words, the statute of frauds is a defense which may or may not be used, but is not available as a defense unless pleaded."

As heretofore stated, respondent admits that the complaint expressly plead a contract outside the statute.

Now, as to the second proposition. The first suggestion of the statute of frauds was injected into the trial by respondent: the theory was her own. Although appellant's counsel in his argument to the jury attempted to counter it by commenting upon the binding nature of plaintiff's exhibit "A," he at no time abandoned his theory

that respondent was liable upon her oral, original promise to pay. Both appellant and his wife had testified to respondent's direct solicitation and promise to pay for the operation. She, herself, had admitted: "He told me it must be done, and I said if it must be done, to do it." Exhibit "A" was as follows:

"March 28, 31.

"I hereby authorize Dr. C. F. Magee to treat my sister Nita Winn as he shall deem expedient in the present circumstances and shall guarantee that my family will be satisfied in this case, as it is now a definite emergency having existed since Wednesday morning 25th inst., and will accept the results cheerfully.

"(Signed)   INEZ L. WINN."

It appears that at all times appellant considered the patient a minor and not responsible, the fact having been testified to not only by himself but also by both respondent and her sister, Nita. Both the latter admitted that neither of them had seen fit to disillusion him. While the exhibit contained no promise to pay, and respondent's instruction to appellant "to do it" might have carried no more than an implied promise, both pieces of evidence tended to corroborate the promise as detailed by appellant and his wife. If in his argument to the jury appellant's counsel, referring to the exhibit, declared: "I believe that writing is enough to bind Inez Winn under the law and the statute of frauds—He's argued that to you," he did not thereby abandon his theory of respondent's liability under her alleged, oral promise. *Vide* ‑the following excerpts from his argument:

"We have Dr. Magee and Inez in the hall at Forney Hall—two people. Dr. Magee says that she agreed to pay him; she says she agreed to be responsible for the operation.

"Then where he said in that other talk that she promised to pay him, and she's told you she was very much excited—thought her sister was about to die.

"  .... the testimony here shows first, that Inez Winn promised Dr. Magee, in the hall at Forney Hall, to pay a

certain bill if he would perform an operation upon her sister Nita and save her life.

" . . . . the Doctor believed during all this time that ·Nita was a minor, and not responsible.

" . . . . the only person here whom the Doctor had any idea would be able to pay from the beginning was the person who was probably able to get a job teaching school.

"  . . . . you have had Mrs. Magee and Dr. Magee and this statement and the circumstances against Inez, to the effect that she promised to pay this before the operation was performed."

Insisting that argument of counsel constitutes no part of the record, appellant has moved to strike it. It appears that, in order to present the case fairly upon appeal, the trial court considered its inclusion essential. And, since appellant is helped rather than harmed by it, he has no real cause of complaint: the motion to strike will be denied.

While it is not necessary to a determination of the instant case, inasmuch as the same question might arise upon a second trial, we desire to announce there is no merit in appellant's objection to instruction No. II, wherein the court advised the jury in substance that plaintiff could recover only upon defendant's ·express promise to pay, and that, if plaintiff held defendant's sister still responsible to him, the promise of the defendant would be collateral and unenforceable, if not in writing. *Mitchell v. Davis,* (Mo. App.) 190 S. W. 357, cited in support of. the objection, was in effect overruled by the Missouri supreme court in *Swarens v. Pfnisel,* 324 Mo. 1245, 26 S. W. (2d) 951. Our own court has announced the contrary rule in *Storer v. Heitfeld,* 19 Ida.· 170, 113 Pac. 80. The error in the present case was in instructing upon the statute of frauds at all.

Judgment and order reversed and new trial granted. Costs to appellant.

Budge, Givens, Varian and Leeper, JJ., concur.