# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37613

| | | |
|---|---|---|
| BEATRIZ NAVA, individually and as the next friend of SARAI N. VICTORINO, a minor child, | ) ) ) ) | Boise, November 2011 Term |
| Plaintiff-Appellant, | ) ) | 2011 Opinion No. 124 |
| v. | ) ) | Filed: November 30, 2011 |
| CHRISTIAN R. RIVAS-DEL TORO, | ) ) | Stephen W. Kenyon, Clerk |
| Defendant/Respondent/Cross-Appellant, | ) ) | |
| and | ) ) | |
| WILLARD CRANNEY, MICHAEL CRANNEY, and DOUGLAS CRANNEY, d.b.a CRANNEY FARMS, d/b/a CRANNEY BROTHERS FARMS, | ) ) ) ) ) | |
| Defendants-Respondents-Cross-Respondents. | ) ) ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Cassia County. The Hon. Michael R. Crabtree, District Judge.

The judgment of the district court is <u>vacated</u>.

Wm. Breck Seiniger, Jr.; Seiniger Law Offices; Boise, argued for appellants.

John Bailey, Racine Olson Nye Budge & Bailey Chtd., Pocatello, argued for respondents Cranney.

Brendon C. Taylor, Merrill & Merrill Chartered, Pocatello, argued for respondent Rivas-Del Toro.

_____

EISMANN, Justice.

This personal injury action arising out of a traffic accident was dismissed against the owners of the truck driven by the person who was allegedly at fault on the ground that he was an

employee of the owners and was outside the course and scope of his employment. Because that is not a defense to the claims alleged in the complaint, we vacate the judgment of the district court.

## I.
### Factual Background[1]

Christian Rivas-Del Toro is a Mexican citizen who was residing and working in the United States illegally. In the summer of 2005, he began working as a truck driver for Willard, Michael, and Douglas Cranney, who are collectively called "Cranney Farms," the name under which they did business. When he began work for Cranney Farms, Rivas-Del Toro had a valid Mexican chauffeur license.

On January 30, 2006, Rivas-Del Toro was driving for Cranney Farms and received a citation at a weigh station for failing to stop at an open port of entry and driving a vehicle that was over length for that section of highway. Rivas-Del Toro showed his Mexican license to the officer, who stated that Rivas-Del Toro had three months within which to obtain an Idaho license and warned him that it would be worse if the officer stopped him again. Rivas-Del Toro gave the ticket to the secretary in Cranney Farms's office, and Cranney Farms apparently paid it.

Ryan Cranney was Rivas-Del Toro's supervisor and Raymond Sanchez was the foreman. On June 15, 2007, during the lunch hour, Ryan Cranney and Raymond Sanchez came to the shop where Rivas-Del Toro was eating lunch. With Sanchez interpreting, Cranney told Rivas-Del Toro to drive a truck with a trailer to a particular farm to load bales of hay.

Rivas-Del Toro checked the truck and the trailer, and determined that he needed to fill the truck with diesel fuel and to have two tires on the trailer repaired. He went to the office to talk to the secretary, and had someone in the office interpret for him. Through the interpreter, he asked the secretary if she could call the tire shop to authorize fixing the tires, and she said it was fine and to go ahead. That procedure to authorize tire repairs had been used in the past.

After filling the truck with diesel, Rivas-Del Toro drove towards the tire store. The most direct route would have been to use State Highway 27. Because the speedometer on the truck was not accurate and he wanted to avoid problems with the police, Rivas-Del Toro took an

---

[1] There is evidence supporting the facts stated, although some of them are disputed by Cranney Farms.

alternate route. The distance would have been 15.1 miles using Highway 27, and 17.9 miles using the alternate route. After traveling about 4.6 miles, Rivas-Del Toro failed to stop at a stop sign and struck another vehicle in an intersection. He contended that the trailer brakes malfunctioned.

Beatriz Nava was driving the other vehicle, and her minor daughter was a passenger. She filed this action seeking to recover for property damage and personal injuries to herself and her daughter. In her amended complaint, she alleged that Cranney Farms was liable because it was the registered owner of the truck and Rivas-Del Toro was driving with Cranney Farms's permission and that Cranney Farms had recklessly allowed the vehicle to become unsafe to operate.

Cranney Farms moved for summary judgment on the ground that pursuant to Idaho Code section 6-1607 it was not liable for the negligence of its employee because he was outside the course and scope of his employment at the time of the accident. After the motion was briefed and argued, the district court held that because Rivas-Del Toro chose a longer route to the tire store in order to avoid law enforcement because he was in the country illegally, Plaintiffs failed to satisfy Idaho Code section 6-1607(2). It ordered that Cranney Farms was entitled to a judgment dismissing the action as to it. Plaintiffs and Rivas-Del Toro moved for reconsideration, which the court denied. It entered judgment dismissing the action with prejudice as to Cranney Farms, and it certified that judgment as final pursuant to Idaho Rule of Civil Procedure 54(b). Plaintiffs appealed and Rivas-Del Toro cross-appealed.

## II.

### Standard of Review for Summary Judgment

When reviewing on appeal the granting of a motion for summary judgment, we apply the same standard used by the trial court in ruling on the motion. *Infanger v. City of Salmon*, 137 Idaho 45, 46–47, 44 P.3d 1100, 1101–02 (2002). We construe all disputed facts, and draw all reasonable inferences from the record, in favor of the non-moving party. *Id*. at 47, 44 P.3d at 1102. Summary judgment is appropriate only if the evidence in the record and any admissions show that there is no genuine issue of any material fact regarding the issues raised in the pleadings and that the moving party is entitled to judgment as a matter of law. *Id*.

3

### III.

### Respondeat Superior Liability and Idaho Code Section 6-1607.

Under the doctrine of respondeat superior, "an employer is liable in tort for the tortious conduct of an employee committed within the scope of employment." *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007). Scope of employment "refers to those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment." *Richard J. and Esther E. Wooley Trust v. DeBest Plumbing, Inc.*, 133 Idaho 180, 183-84, 983 P.2d 834, 837-38 (1999) (quoting W. Page Keeton et al., Prosser And Keeton On Torts § 70, at 502 (5th ed. 1984)).

Idaho Code section 6-1607 does not change the standard for determining whether a current employee was acting within the scope of his or her employment. The statute gives the employer the right to obtain a pretrial hearing to determine whether there is sufficient evidence for the case to proceed. At that hearing, the employer can require the plaintiff to "establish a reasonable likelihood of proving facts at trial sufficient to support a finding that liability for damages should be apportioned to the employer under the standards set forth in this section." I.C. § 6-1607(3).[2]

We have construed a similar requirement in Idaho Code section 6-1606, which provides that a party seeking permission to assert a claim for punitive damages must, at a pretrial hearing, establish "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." I.C. § 6-1604(2). With respect to punitive damages, we have held that a party seeking to add such a claim "needed to show a reasonable likelihood that they could prove by a preponderance of the evidence that [the opposing party] acted oppressively, fraudulently, wantonly, maliciously or outrageously." *Vaught v. Dairyland Ins. Co.*, 131 Idaho 357, 362, 956 P.2d 674, 679 (1998). In section 6-1607, the plaintiff likewise need only establish a reasonable

---

[2] Idaho Code section 6-1607(3):

> In every civil action to which this section applies, an employer shall have the right (pursuant to pretrial motion and after opportunity for discovery) to a hearing before the court in which the person asserting a claim against an employer must establish a reasonable likelihood of proving facts at trial sufficient to support a finding that liability for damages should be apportioned to the employer under the standards set forth in this section. If the court finds that this standard is not met, the claim against the employer shall be dismissed and the employer shall not be included on a special verdict form.

4

likelihood of proving by a preponderance of the evidence that the employer is liable for the tortious conduct of the employee, unless the presumption in subsection (2) applies. If it does, then the plaintiff would have to establish a reasonable likelihood of proving, by clear and convincing evidence, that the "employer's acts or omissions constituted gross negligence or, reckless, willful and wanton conduct as those standards are defined in section 6-904C, Idaho Code, and were a proximate cause of the damage sustained." I.C. § 6-1607(2).

However, there is a significant difference between section 6-1604 and section 6-1607. When a party is seeking permission to add a claim for punitive damages, the court makes the determination "after weighing the evidence presented." I.C. § 6-1604(2). Unless the parties have waived their right to a jury trial, the trial court is not permitted to weigh the evidence in determining whether the claim can proceed against any employer under section 6-1607. There is no such provision in that statute. Indeed, allowing the court to re-weigh the evidence would infringe upon the parties' right to a jury trial under Article I, sec. 7, of the Idaho Constitution. *See Kirkland v. Blaine County Med. Ctr.*, 134 Idaho 464, 469, 4 P.3d 1115, 1120 (2000); *Anderson v. Gailey*, 97 Idaho 813, 821, 555 P.2d 144, 152 (1976); *Van Vranken v. Fence-Craft*, 91 Idaho 742, 745, 430 P.2d 488, 491 (1967).

Subsection (2) of the statute creates a presumption of nonliability on the part of the employer where the action in tort is based upon an employer-employee relationship for any act or omission of a current employee. It then specifies four circumstances in which that presumption does not apply.[3]

First, the presumption created by subsection (2) does not apply where "the employee was wholly or partially engaged in the employer's business." I.C. § 6-1607(2). "[U]nder the 'dual-purpose' doctrine, . . . an employee's tortious conduct may be within the scope of employment even if it was partly performed to serve the purposes of the employee or a third person." 27 Am.

---

[3] Idaho Code section 6-1607(2) provides:

> There shall be a presumption that an employer is not liable in tort based upon an employer/employee relationship for any act or omission of a current employee unless the employee was wholly or partially engaged in the employer's business, reasonably appeared to be engaged in the employer's business, was on the employer's premises when the allegedly tortious act or omission of the employee occurred, or was otherwise under the direction or control of the employer when the act or omission occurred. This presumption may be rebutted only by clear and convincing evidence that the employer's acts or omissions constituted gross negligence or, reckless, willful and wanton conduct as those standards are defined in section 6-904C, Idaho Code, and were a proximate cause of the damage sustained.

Jur. 2d *Employment Relationship* § 385 (2004). " 'An employee's purpose or intent, however misguided in its means, must be to further the employer's business interests. If the employee acts from "*purely personal motives . . . in no way connected with the employer's interest*" . . . then the master is not liable.' " *Wooley Trust*, 133 Idaho at 184, 983 P.2d at 838 (quoting *Podolon v. Idaho Legal Aid Services, Inc.*, 123 Idaho 937, 945, 854 P.2d 280, 288 (Ct. App. 1993)) (emphasis added). "Thus, in order for the employer to be liable, service to the employer need not have been the employee's only or even primary purpose." 27 Am. Jur. 2d *Employment Relationship* § 385 (2004) (footnote omitted). Two Idaho cases illustrate an employer being liable where an employee was at least partly engaged in the employer's business.

In *Manion v. Waybright*, 59 Idaho 643, 86 P.2d 181 (1938), the employee had permitted a friend to ride with him when the employee drove from Coeur d'Alene to Kellogg on a business trip so that the friend could look for work in Kellogg. The employee had to be in Spokane, Washington, the next morning as part of his employment. That night, the employee began the return trip with his friend as a passenger. Had the employee been alone, he would have driven to his home in Coeur d'Alene to spend the night. However, he decided to drive to Spokane in order to take his friend to his home and to then spend the night in Spokane. Between Coeur d'Alene and Spokane, the employee ran off the road, killing his friend. Even though "[the employee's] main purpose in going to Spokane that night was to take [his friend] home," *Id.* at 651, 86 P.2d at 184, this Court held that the employee was in the scope of his employment when doing so. "Whether he went that night or the next morning was for him to decide and his going when he did was neither departure from, nor inconsistent with, the duties of his employment." *Id.* at 657, 86 P.2d at 187.

In *Van Vranken v. Fence-Craft*, 91 Idaho 742, 430 P.2d 488 (1967), a mill manager would regularly drive from Weippe to Lewiston to obtain parts for the mill. On the day in question, he drove to Lewiston to obtain some parts and to take his wife to the dentist to have some of her teeth extracted. He purchased some parts and then took his wife to the dentist. After the extractions, he drove her to a friend's house to spend the night. He then drove to the drug store to pick up his wife's prescription for a pain killing medication and walked to another store to see if some parts he needed were in stock, but they were not. He drove onto the highway headed back to Weippe, but made a left turn onto a cross street in order to take his wife her medication before returning to Weippe. When doing so, he collided with another vehicle. At the

6

conclusion of the plaintiff's case, the trial court granted a motion to dismiss on the ground that there was insufficient evidence to show that the mill manager was within the scope of his employment at the time of the collision. This Court reversed, holding, "the better reasoned authorities dealing with deviations by an employee from the geodesic route have generaly [sic] recognized that a proportionately slight or expectable deviation will not relieve an employer of vicarious liability, and except where the deviation is gross, the jury should determine the scope of employment question as one of fact." *Id*. at 749, 430 P.2d at 495. According to the dissent, "[the mill manager] admitted that the real purpose of the trip to Lewiston was to have his wife's teeth extracted, and as an 'incidental part' he was also going to see about some belts and teeth for the saw-edger." *Id*. at 750, 430 P.2d at 496 (Spear, J., dissenting). The dissent also wrote, "That at the time of the accident [the mill manager] was on a mission completely personal to himself, i.e., the delivery of pain-killing medicants to his wife at the home of the friends in North Lewiston, completely divergent from any route to Weippe, Idaho, the location of the Fence-Craft plant." *Id*. That is an accurate summary of the facts stated in the majority opinion. An employee who is driving from one place to another in performing his or her duties is not outside the scope of employment merely because the employee does not drive the most direct route, even if the deviation from the most direct route is for personal reasons. "The employer's liability does not terminate until there has been a marked departure or deviation from the employee's line of duty." 8 Am. Jur. 2d *Automobiles* § 671 (2007).

Second, the presumption created by subsection (2) does not apply if the employee "reasonably appeared to be engaged in the employer's business." I.C. § 6-1607(2). The district court incorrectly held that "[t]his exception is the apparent authority or detrimental reliance exception."[4] The presumption in section 6-1607(2) can only apply when an employer is alleged to be liable "in tort based upon an employer/employee relationship for any act or omission of a current employee." *Id*. Apparent authority is not based upon the employer-employee relationship, nor does it create an employer-employee relationship. *Jones v. HealthSouth*

---

[4] The district court's language and analysis indicates that it equated "apparent authority" and "detrimental reliance" as being the same. It referred to them as being one exception, and it held that the exception did not apply because "[t]here are no facts to indicate a dispute regarding whether or not Ms. Nava relied in any sense upon the appearance that Rivas-Del Toro was engaged in the Cranneys' business." Under Idaho law, justifiable reliance is not required in order to establish apparent authority. *Jones v. HealthSouth Treasure Valley Hosp*., 147 Idaho 109, 117, 206 P.3d 473, 481 (2009). "Apparent authority" can also be called "apparent agency," *id*. at 113, 206 P.3d at 477, "agency by estoppel," "ostensible agency" and "agency by operation of law." Black's Law Dictionary 62 (7th ed. 1999).

*Treasure Valley Hosp*., 147 Idaho 109, 206 P.3d 473 (2009) (under doctrine of apparent authority, the tort liability of an independent contractor can be imputed to the principal); *Bailey v. Ness*, 109 Idaho 495, 708 P.2d 900 (1985) (under doctrine of apparent authority, the tort liability of another can be imputed to the principal where the other had no contractual relationship of any kind with the principal). Apparent authority does not presuppose any prior or existing agency relationship; it can be applied to someone who appears to be the agent of another but actually is not. *Jones*, 147 Idaho at 113, 206 P.3d at 477. In addition, the wording of the exception itself does not indicate that it was referring to apparent authority. The issue in apparent authority is not whether it reasonably appeared to the plaintiff that the tortfeasor was acting within the course or scope of his or her employment, but whether the plaintiff reasonably believed, based upon the principal's conduct, that the tortfeasor had authority to act on the principal's behalf. *Id*. at 114, 206 P.3d at 478.

This provision should be construed according to its plain language. The presumption created by subsection (2) does not apply if the employee "reasonably appeared to be engaged in the employer's business." I.C. § 6-1607(2). Whether or not it reasonably appeared that the employee was engaged in the employer's business must be determined from all of the facts shown in the record. If the employee reasonably appeared to be so engaged, then it is for the trier of fact to determine, based upon the evidence presented at trial, whether the employee was actually engaged in the scope of his or her employment. In determining whether it reasonably appears that an employee was engaged in the employer's business, the trial court should keep in mind the statement approved by this Court in *Manion v. Waybright*, 59 Idaho 643, 656, 86 P.2d 181, 186 (1938):

> [I]f the automobile causing the accident belongs to the defendant, and is being operated at the time of the accident by one in the general employ of the defendant, there is a reasonable presumption that at such time he was acting within the scope of his employment and in furtherance of his master's business . . . .

That is not to say that there would still be a presumption in such a case, but such facts, standing alone, could certainly create a reasonable inference.

Third, the presumption created by subsection (2) does not apply if the employee "was on the employer's premises when the allegedly tortious act or omission of the employee occurred." *Id*. The fact that the tortious act occurred on the employer's premises merely makes the

8

presumption inapplicable. It does not establish that the conduct was within the scope of employment. For example, in *Scrivner v. Boise Payette Lumber Co.*, 46 Idaho 334, 268 P. 19 (1928), an employee who was employed as a watchman in a town owned by the employer shot and killed a man at a dance hall with a pistol provided by the employer. As this Court stated, "The fact that [the employee] was engaged in his general line of duty in going about the premises as a watchman, and even as such carrying the pistol, does not of itself serve to render the [employer] liable for his act in drawing and pointing it at deceased, if that were done as a joke." *Id*. at 343, 268 P. at 21.

Fourth, the presumption created by subsection (2) does not apply if the employee "was otherwise under the direction or control of the employer when the act or omission occurred." I.C. § 6-1607(2). Because this is prefaced with the word "otherwise," this category refers to circumstances, not included in the first three categories, if the employee is under the direction or control of the employer.

Finally, the four circumstances in which the presumption of nonliability does not apply are stated in the disjunctive. Therefore, if one of the circumstances exists, the presumption does not apply. It is not necessary to find that all of the circumstances exist.

## IV.

### The District Court Erred Applying Idaho Code Section 6-1607(2)
### to the Causes of Action Alleged in this Case.

Idaho Code section 6-1607(2) applies in an action against an employer based upon a claim "in tort based upon an employer/employee relationship for any act or omission of a current employee." I.C. § 6-1607(2). We need not address the district court's erroneous analysis of the scope of employment because it erred in even applying section 6-1607(2) to the causes of action alleged in this case.

" '[T]he only issues considered on summary judgment are those raised by the pleadings.' A cause of action not raised in the pleadings may not be raised on appeal, even if the trial court considered the issue." *Nelson v. Big Lost River Irrigation Dist.*, 148 Idaho 157, 160, 219 P.3d 804, 807 (2009) (quoting *Vanvooren v. Astin,* 141 Idaho 440, 444, 111 P.3d 125, 129 (2005)) (citation omitted).

The amended complaint in this case does not allege a tort claim based upon the employer-employee relationship. The language alleging causes of action is as follows:

8. On or about June 15, 2007, Beatriz Nava and her minor child Sarai Victorino were occupants of a vehicle being operated with due care and in compliance with all state and local laws in the vicinity of 1000 South Road and 400 West Road.

9. At the same time Christian R. Rivas-Del Toro was operating a vehicle own by Willard Cranney, Michael Cranney, and Douglas Cranney d.b.a. Cranney Farms, d.b.a. Cranney Brothers Farms with their permission at the same location in a careless and negligent manner and in violation of Idaho law. As a direct and proximate result of the negligence of the Defendnants [sic] there and then collided with great force and violence with the vehicle occupied by Beatriz Nava and and [sic] her minor child Sarai Victorino.

10. Defendants Willard Cranney, Michael Cranney, and Douglas Cranney d.b.a. Cranney Farms, d.b.a. Cranney Brothers Farms were the registered owners of the vehicle being operated by Defendant Christian R. Rivas-Del Toro.

11. Upon information and belief: the vehicle being driven by Defendant Christian R. Rivas-Del Toro was recklessly allowed to fall into a state of dangerous disrepair such that it was not safe for operation upon the roads and highways of the State of Idaho.

12. Notwithstanding the Defendants' knowledge of the dangerous state of disrepair of the vehicle owned by Cranney Brothers Farms, the Defendants recklessly, willfully and wantonly did operate the vehicle with indifference to the safety of the Plaintiffs.

Under the doctrine of respondeat superior, "an employer is liable in tort for the tortious conduct of an employee committed within the scope of employment." *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007). There is no allegation in the amended complaint that Rivas-Del Toro was an employee of Cranney Farms. There is no allegation that Cranney Farms is liable in tort based upon any employer-employee relationship. Absent that allegation, the amended complaint does not allege a cause of action under the doctrine of respondeat superior.

The amended complaint alleged two causes of action. First, it alleged that Rivas-Del Toro was driving a motor vehicle owned by Cranney Farms with its permission and that he negligently caused the accident. That alleges a cause of action under Idaho Code section 49-

10

2417(1).[5] As we recently said with respect to that statute, "Under Idaho law, the owner of a motor vehicle is liable when any person using or operating the vehicle 'with the permission, expressed or implied, of the owner' operates that vehicle negligently." *Oregon Mut. Ins. Co. v. Farm Bureau Mut. Ins. Co. of Idaho*, 148 Idaho 47, 52, 218 P.3d 391, 396 (2009). A cause of action under Idaho Code section 49-2417(1) is not based upon an employer-employee relationship. It is based upon the owner of a vehicle expressly or impliedly giving another permission to operate the vehicle. It is not limited to an employee who is driving his or her employer's vehicle. The statute specifically states that it applies if the permissive user was operating the motor vehicle "in the business of the owner or otherwise." I.C. § 49-2417(1).

Second, the amended complaint alleged that Cranney Farms knowingly permitted a vehicle in a dangerous condition to be operated on the public roadway. The allegation is broad enough to include not only an allegation of common-law negligence, but also negligence per se for violating Idaho Code section 49-902. There was no allegation that Cranney Farms's liability under this cause of action was based upon an employer-employee relationship.

Because neither of the causes of action alleged in the amended complaint was a tort claim based upon the employer-employee relationship, Idaho Code section 6-1607(2) had no application to this case. Therefore, the district court erred in applying the statute to this case.

## V.

### The District Court Erred in Dismissing a Claim Upon Which Cranney Farms
### Had Not Moved for Summary Judgment.

Cranney Farms moved for summary judgment and filed a memorandum setting forth the basis of the motion. The memorandum commenced by stating the issue as follows: "The present motion arises from the fact that Defendant Rivas-Del Toro (hereafter Del Toro) was not acting within the course and scope of his employment under Idaho statutory and common law at the time of the accident, and therefore, Cranney Farms is not vicariously responsible for Del Toro's

---

[5] Idaho Code section 49-2417(1) states:

> Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of his motor vehicle, in the business of the owner or otherwise, by any person using or operating the vehicle with the permission, expressed or implied, of the owner, and the negligence of the person shall be imputed to the owner for all purposes of civil damages.

actions." Cranney Farms then stated facts and presented argument supporting its assertion that Rivas-Del Toro was not acting within the scope of his employment at the time of the accident. It summarized its argument as follows:

> Del Toro made some terrible choices on the day of the collision. He chose not to follow his employer's instructions and did not follow the alleged instructions he claims were given to him. He chose to take a route to the tire store that was not the direct route. He chose to go the longer way for the purely personal reason of doing his best to avoid detection by the police or any other law enforcement including INS. None of this was within the course and scope of his responsibilities for Cranney Farms. All of it was for purely personal reasons. Cranney Farms respectfully requests that its motion for summary judgment be granted.

In its motion for summary judgment, Cranney Farms made no mention of the Plaintiffs' claim that Cranney Farms was liable for knowingly permitting a dangerous vehicle to be operated on the roadway. In its memorandum opposing summary judgment, Plaintiffs brought that fact to the district court's attention, stating, "As an initial matter, the Cranney Defendants have not moved for summary judgment on Plaintiffs' claims for direct negligence . . . ." Plaintiffs then quoted the portion of their amended complaint alleging the claim of negligent maintenance. In its memorandum decision, the district court did not address this claim, but it nevertheless ordered that "[t]he Cranneys' motion for Summary Judgment dismissing the action against them is granted."

Plaintiffs and Rivas-Del Toro filed motions for reconsideration. In support of their motion, Plaintiffs pointed out in their supporting memorandum that "[t]he Court Has Not Addressed Plaintiffs' Direct Claim Against Cranney Farms." Plaintiffs again quoted the above-quoted portion of their amended complaint and pointed out that in its motion for summary judgment Cranney Farms had not presented any evidence opposing that claim. After the motions for reconsideration were argued, the district court denied them on the ground that "Mr. Rivas-Del Toro was not engaged in his employer's business at the time of the subject accident." The court again did not mention the claim based upon knowingly permitting a dangerous vehicle to be operated upon the roadway.

When filing a motion for summary judgment, the moving party must notify the opposing party of the particular grounds for the motion. The motion must "state with particularity the grounds therefor including the number of the applicable civil rule, if any, under which it is filed,

12

and shall set forth the relief or order sought." Idaho R. Civ. P. 7(b)(1). Typically, parties moving for summary judgment merely state the relief or order sought in the motion, and then state with particularity the grounds for the motion in a supporting memorandum. If a ground for summary judgment is not stated with particularity in the moving papers, the opposing party need not address that ground. "For purposes of summary judgment, the moving party bears the initial burden of proving the absence of material fact issues. Only then does the burden shift to the non-moving party to come forward with sufficient evidence to create a genuine issue of material fact." *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 746, 215 P.3d 457, 466 (2009) (citation omitted). Because the burden never shifted to Plaintiffs to provide evidence regarding their claim of negligent maintenance, the district court erred in granting summary judgment on that claim.

On appeal, Cranney Farms argues that it did move for summary judgment on the Plaintiffs' claim that Cranney Farms was negligent in permitting operation of an unsafe vehicle. It does not point to any argument on this issue in its memorandum in support of its motion for summary judgment, or even any place where it even mentioned Plaintiffs' claim that the vehicle was known to be in an unsafe condition. It asserts on appeal that it challenged this claim because it argued that Rivas-Del Toro was not permitted or asked to drive the truck. In its memorandum supporting the motion for summary judgment, Cranney Farms wrote:

> After lunch, Del Toro claims that he was told by Ryan Cranney that he was to pick up some hay on a truck and haul it to Wybenga dairy. This fact is expressly denied by Mr. Cranney, but for purposes of this summary judgment argument, we can assume these facts and Defendant Del Toro is still not within the scope of his employment.

Cranney Farms's assertion that it challenged this claim for relief in its motion for summary judgment is frivolous.

## VI.

### Conclusion

We vacate the partial judgment and remand this case for further proceedings that are consistent with this opinion. We award costs on appeal to appellants and cross-appellant.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**