EISMANN, Justice.
This is an appeal out of Bannock County from a summary judgment dismissing an action to enforce an oral agreement to guaranty the debt of another on the ground that the agreement is barred by the statute of frauds. We affirm the judgment of the district court.
I.
Factual Background.
In January 2009, Lesa Darlene Horrocks was one of the owners of Sunshine Secretarial Services, Inc., which was in the business of providing contract secretarial services, professional office space rental with in-house services, accounting, and management services. It subleased a common office space to Accelerated Paving, Inc., and, at times, provided it with secretarial and other services, such as copying and cleaning.
Accelerated Paving owed Mickelsen Construction, Inc., the sum of $34,980.00 for providing asphalt to an Accelerated Paving job-site. Mickelsen Construction threatened to file a materialmen’s lien against the real property on which the work was being done, and Accelerated Paving’s vice president asked that it not do so because that would delay the receipt of payment for the construction job. The vice president offered to pay the debt with an American Express credit card, but Delwyn Mickelsen, the president of Mickelsen Construction, responded that it did not accept American Express credit cards. There is disagreement as to what happened next.
Mr. Mickelsen testified that Accelerated Paving’s vice president said there was not enough credit on the card to fund the payment, but when Accelerated Paving received payment for the project it would pay down the balance so that there was enough credit to pay Mickelsen Construction with the credit card. Mickelsen Construction agreed not to file the lien if Accelerated Paving could find someone to guaranty the payment by the credit card. Ms. Horrocks agreed to do so and gave Mr. Mickelsen a check dated January 8, 2009, in the amount of $34,980.00 drawn on the account of Sunshine Secretarial Services and payable to Mickelsen Construction. Mr. Mickelsen told the general manager of Accelerated Paving that a bank in a nearby town had agreed to facilitate the transaction with the American Express card, and once funds were received from American Express the check would be returned to Ms. Horrocks. Accelerated Paving did not go to the bank to pay the debt with its credit card, and after not receiving payment Mickelsen Construction attempted twice to negotiate the check, but there were insufficient funds in Sunshine Secretarial’s bank account.
Ms. Horrocks testified that she was asked by Accelerated Paving’s vice president and general manager if she would facilitate a credit card payment to Mickelsen Construction. Sunshine Secretarial had a credit card machine that was capable of transacting with several credit cards including American Express credit cards. They told her that American Express had approved the transaction and asked her to use Sunshine Secretarial’s *399 credit card machine to run a $34,980.00 transaction and write a check to Mickelsen Construction for the same amount, with the understanding that American Express would pay Sunshine Secretarial that sum in the normal course of business. She ran the credit card through Sunshine Secretarial’s credit card machine, and it appeared to her that the transaction had been approved by American Express. She then issued the check. Several days later, Accelerated Paving informed her that American Express had not approved the transaction. She never informed anyone that Sunshine Secretarial would accept Accelerated Paving’s debt to Mickelsen Construction. The testimony of Accelerated Paving’s vice president and general manager essentially agreed with that of Ms. Horrocks.
Accelerated Paving had filed bankruptcy. On June 30, 2010, Mickelsen Construction filed this action against Ms. Horrocks and Sunshine Secretarial alleging that they had agreed to guaranty the credit card payment and so issued the check. The Defendants filed a motion for summary judgment, arguing that the alleged guaranty was barred by the statute of limitations in Idaho Code section 9-505. In response, Mickelsen Construction argued that the cheek was a sufficient writing under the statute of frauds and, if not, that the transaction was governed by Idaho Code section 9-506 and therefore exempt from the statute of frauds. The district court held that the cheek was an insufficient writing and that section 9-506 did not apply because the Defendants did not receive any direct benefit as required by Reed v. Samuels, 43 Idaho 55, 249 P. 893 (1926). The court granted the motion for summary judgment and entered a judgment dismissing this action. Mickelsen Construction then timely appealed.
II.
Did the District Court Err in Granting the Defendants’ Motion for Summary Judgment?
In order to decide whether the district court erred in granting the Defendants’ motion for summary judgment, it is first necessary to identify the cause of action alleged by Mickelsen Construction.
1. The only claim alleged in the complaint was that Ms. Horrocks agreed to guaranty the debt of Accelerated Paving.
The only claim alleged by Mickelsen Construction in its complaint was that Ms. Horrocks [1] agreed to guaranty Accelerated’s debt. After identifying the parties, the complaint alleged as follows:
IV.
Mickelsen Construction, Inc. threatened to file a material lien against a project in which Accelerated Paving, Inc. was involved.
V.
Alan Smith of Accelerated Paving, Inc. came to Delwyn Mickelsen and requested that Mickelsen Construction, Inc. not file the lien because that would prevent Accelerated Paving, Inc. from getting paid on the project. Alan Smith offered to pay by credit card but explained that he would have to use the project payment to pay the balance on his credit card before he could obtain the credit necessary to fund the credit card payment.
VI.
Mickelsen Construction, Inc. agreed not to file the lien on the condition that Alan Smith and Accelerated Paving, Inc. obtain someone to guarantee the payment by credit card which was offered by Alan Smith and Accelerated Paving, Inc.
VII.
Defendant Lesa D. Horrocks agreed to guarantee the credit card payment of Alan Smith and Accelerated Paving, Inc. and to do so wrote a check on the account of Sunshine Secretarial Services, Inc. and Lesa D. Horrocks in the amount of $34,980.00 on January 8, 2009. A copy of *400 said check is attached hereto as Exhibit “A”.
VIII.
The check written by Lisa [sic] D. Horrocks on the account of Sunshine Secretarial Services, Inc. and Lesa D. Horrocks bounced and despite numerous demands the checking account on which the check was written never had sufficient funds for the check. Copies of letters from Idaho Central Credit Union dated January 26, 2009 and January 27, 2009 are attached hereto as Exhibit “B”.
IX.
That the sum owed is a liquidated sum and plaintiff is entitled to interest at the rate of 12% per annum from and after January 8, 2009, and until a Judgment is entered in this matter.
(Emphases added.)
Throughout the complaint, Mickelsen Construction alleges that it wanted someone to guaranty Accelerated’s credit card payment and Ms. Horrocks agreed to do so. There is no allegation that she entered into any transaction other than as a guarantor. Even on appeal, it alleges that Ms. Horrocks agreed to guaranty that debt. In stating the facts in its initial brief, Mickelsen Construction wrote:
Mickelsen Construction agreed not to file the hen on the condition that Smith and Accelerated obtain someone to guarantee the payment by credit card which was offered by Smith and Accelerated. (R., p. 48)
Defendant Horrocks leased space, provided secretarial services and provided other in-house services to Accelerated. (R., pp. 22, 23) Horrocks agreed to guarantee the credit card payment of Smith and Accelerated and to do so wrote a Check on the account of Sunshine Secretarial Services, Inc. and Lesa D. Horrocks in the amount of $34,980.00 on January 8, 20091 (the “Check”). (R„ pp. 23, 28, 48)
Appellant’s Brief at 2 (emphases added)(footnote omitted).
Mickelsen also stated in its opening brief: “Mickelsen, on the other hand, states definitely in his Affidavit that he requested somebody guarantee the payment by credit card and Horrocks agreed to guarantee the credit card payment____Mickelsen understood the Check was to guarantee the transaction.” Id. at n. 1 (emphases added).[2]
2. The alleged agreement by Ms. Horrocks to guaranty Accelerated’s debt is within the statute of frauds. The statute of frauds set forth in Idaho Code section 9-505(2) provides as follows:
In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:
2. A special promise to answer for the debt, default or miscarriage of another, except in the eases provided for in section 9-506, Idaho Code.
A guaranty is within the above-quoted statute of frauds. Magee v. Winn, 52 Idaho 553, 16 P.2d 1062 (1932); Storer v. Heitfeld, 19 Idaho 170, 113 P. 80 (1910). In Magee, a physician sued the sister of one of his patients contending that the sister was liable for the services he provided to the *401 patient. 52 Idaho at 554-55, 16 P.2d at 1062. The sister contended that she was a guarantor and that the claim against her was barred by the statute of frauds. The jury returned a verdict in her favor, and the physician appealed. We vacated the judgment because the sister had not pled the statute of frauds as a defense. Id. at 556,16 P.2d at 1062-63.[3] The physician also argued that the district court erred in instructing the jury that if the physician still held the patient liable for the bill, the sister’s promise to pay would be collateral and unenforceable if it was not in writing. We held that the instruction was correct, stating:
While it is not necessary to a determination of the instant case, inasmuch as the same question might arise upon a second trial, we desire to announce there is no merit in appellant’s objection to instruction No. II, wherein the court advised the jury in substance that plaintiff could recover only upon defendant’s express promise to pay, and that, if plaintiff held defendant’s sister still responsible to him, the promise of the defendant would be collateral and unenforceable, if not in writing.
Id. at 558,16 P.2d at 1063 (emphasis added). In Storer, the plaintiff contended that he had paid a sum of money to a third party at the request of the defendants and that they had agreed to pay such sum within ten days. 19 Idaho at 172, 113 P. at 80. The defendants contended that if they made any promise or agreement, they were at most guarantors and the action was barred by the statute of frauds. Id. at 173, 113 P. at 81. “The case was tried upon the theory that the defendants were not liable; that if any promise were made by the defendants, such promise was collateral and must be in writing.” Id. at 174, 113 P. at 81. The trial court refused to instruct the jury regarding that defense, the jury found in favor of the plaintiff, and the defendants appealed. We held that the trial court erred in failing to instruct the jury that if credit was given to a third party and that party was in any degree liable for the indebtedness, “the defendants could not be charged as original contractors, but at most as mere guarantors and under the provisions of section 6009, Rev. Codes, they were not liable unless such agreement or note or memorandum thereof was in writing and subscribed by the party charged or by his agent.”[4] Id. at 175, 113 P. at 81 (emphasis added).
The alleged agreement by Ms. Horrocks to guaranty the debt of Accelerated Paving is within the statute of frauds set forth in Idaho Code section 9-505(2).
3. The alleged guaranty agreement is invalid because there is not a sufficient writing signed by Ms. Horrocks. An alleged agreement to guaranty the debt of another “is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent.” I.C. § 9-505. “Failure to comply with the statute of frauds renders an oral agreement unenforceable both in an action at law for damages and in a suit in equity for specific performance.” 72 Am. Jur.2d Statute of Frauds, § 285 (1974), 73 Am.Jur.2d Statute of Frauds § 513 (1974). Even if there were sufficient facts to prove the oral agreement and it was proved, it is unenforceable if there is not a sufficient writing to comply with the statute of frauds. Hoffman v. S V Co., Inc., 102 Idaho 187, 189, 628 P.2d 218, 220 (1981). “In order to render an oral contract falling within the scope of the statute of frauds enforceable by action, *402 the memorandum thereof must state the contract with such certainty that its essentials can be known from the memorandum itself, or by a reference contained in it to some other writing, without recourse to parol proof to supply them.” Blumauer-Frank Drug Co. v. Young, 30 Idaho 501, 505, 167 P. 21, 21 (1917). “The memorandum which evidences the verbal agreement must contain all the terms of that agreement. Otherwise, it cannot be enforced at law or in equity.” Hoffman, 102 Idaho at 191, 628 P.2d at 222.
In this case, the only document that could constitute a note or memorandum signed by Ms. Horrocks was the check. The only writing on the check, other than the date, the payee, the amount, and Ms. Horrocks’s signature, was “Accel.” written on the memo line, which began with the word “For.” That would indicate that the check was “For Accel,” but nothing more. A “ ‘[guaranty1 is an undertaking or promise on the part of a guarantor which is collateral to a primary or principal obligation and binds the guarantor to performance in the event of nonperformance of the principal obligor.” Hudson v. Cobbs, 115 Idaho 1128, 1131, 772 P.2d 1222, 1225 (1989). The cheek does not show any intent by either of the Defendants to be liable for the obligation of some other person or entity, it does not name or identify the person or entity that is primarily liable, and it does not specify what obligation of that person or entity is allegedly being guaranteed. There is nothing on the check indicating that either Ms. Horrocks or Sunshine Secretarial agreed to guaranty any obligation of Accelerated Paving to Mickelsen Construction. Therefore, the alleged guaranty agreement is void.
4. Idaho Code section 9-506(2) is not an issue in this case because it was not pled. On appeal, Mickelsen Construction argues that its claim against Ms. Horrocks was excepted from the statute of frauds by Idaho Code section 9-506(2).[5] That statute provides that an agreement is excepted from the statute of frauds if
the creditor parts with value, or enters into an obligation, in consideration of the obligations in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety.
For the statute to apply, there must be an existing debtor-creditor relationship and the creditor must part with value or enter into a binding promise in consideration of a promise made by a third party which, by its terms or under the circumstances, makes the third party the principal debtor and the original debtor the third party’s surety. Mickelsen Construction argued that this statute applied because it parted with value by agreeing not to file a materialmen’s lien if Accelerated Paving found someone to guaranty the credit card payment. The district court held that section 9-506(2) did not apply because, based upon our decision in Reed v. Samuels, 43 Idaho 55, 249 P. 893 (1926), the Defendants did not receive any direct benefit from the alleged transaction.
*403 In Reed, the plaintiffs alleged that they agreed to reduce the principal and waive the interest owing by the debtor in exchange for an oral promise by the defendant to pay such lesser sum. Id. at 60-61, 249 P. at 893-94. The trial court dismissed the action on the ground that the complaint failed to allege a claim upon which relief could be granted, and the plaintiffs appealed. On appeal, the Court stated, “Any promise to pay the debt of a third party, whether or not in writing, must be founded upon a consideration in order to be binding.” Id. at 62, 249 P. at 895. The Court then held that the consideration must flow to the alleged promisor, stating as follows:
There was no consideration moving to respondent [defendant].
The rule is stated in Curtis v. Brown, 5 Cush. (Mass.) 488, 491 [ (1850) ], as follows:
“It is no sufficient ground to prevent the operation of the statute of frauds, that the plaintiff has relinquished an advantage, or given up a lien, in consequence of the defendant’s promise, if that advantage has not also directly inured to the benefit of the defendant, so as in effect to make it a purchase by the defendant of the plaintiff.”
Id. The Court then upheld the dismissal of the complaint because it did not allege that any direct benefit inured to the defendant.
The Court in Reed erred in two respects. First, the authority relied upon by the Court to hold that there must be a benefit that directly inured to the promisor were not construing a statute, much less one that was similar to Idaho Code section 9-506(2). The legislature has the power to change the common law by creating and defining new causes of action. Kirkland v. Blaine Cnty. Med. Ctr., 134 Idaho 464, 471, 4 P.3d 1115, 1122 (2000); Olsen v. J.A. Freeman Co., 117 Idaho 706, 717, 791 P.2d 1285, 1296 (1990); Everett v. Trunnell, 105 Idaho 787, 790, 673 P.2d 387, 390 (1983). It did so in enacting Idaho Code section 9-506(2). The wording of the statute does not state that value must go to the promisor. It only requires that the creditor part with value. Had it been the legislature’s intent that the value must directly inure to the promisor, it could have so provided, as it did in section 9-506(3) which requires that there be “consideration beneficial to the promisor.” Subsection (2) merely states that the creditor must part with value. Second, adequate consideration to support a contract does not have to be a gain by the promisor; it can be a loss by the promisee. As stated by the Idaho Territorial Supreme Court, “It would seem that any gain to the promisor, or loss to the promisee, however trifling, ought to be sufficient consideration to support an express promise.” Vincent v. Larson, 1 Idaho 241, 248 (1869). The Vincent Court also quoted with approval from Violett v. Patton, 9 U.S. (5 Cranch) 142, 150, 3 L.Ed. 61 (1809) as follows: “To constitute a consideration it is not absolutely necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made; and that the promise is the inducement to the transaction.” That understanding of consideration is still the law. Lettunich v. Key Bank Nat’l Ass’n, 141 Idaho 362, 368, 109 P.3d 1104, 1110 (2005) (“It [consideration] may also consist of a ‘detriment to the promisee or a benefit to the promisor.’ ”). The Vincent opinion was issued before the enactment in 1881 by the territorial legislature of the statute that is now codified as Idaho Code section 9-506(3), and there is no reason to believe that the statute should not be construed as written. Therefore, we overrule Reed and its progeny to the extent that they hold that the phrase “the creditor parts with value” requires that the value inure to the benefit of the party making the promise.
Even though we overrule Reed, we affirm the judgment of the district court because Miekelsen Construction did not allege a claim under Idaho Code section 9-506(2). An allegation that a party entered into a guaranty agreement does not allege that the party entered into an agreement under section 9-506(2). An allegation of an agreement to guaranty a debt and an allegation of an agreement under section 9-506(2) are mutually exclusive.
Section 9-506(2) provides that an agreement is excepted from the statute of frauds if
*404 the creditor parts with value, or enters into an obligation, in consideration of the obligations in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety.
Thus, to be excepted from the statute of frauds under section 9-506(2), Ms. Horrocks would have had to agree to become “the principal debtor.” A person cannot be both the principal debtor and the guarantor. “ ‘Guaranty’ is an undertaking or promise on the part of a guarantor which is collateral to a primary or principal obligation and binds the guarantor to performance in the event of nonperformance of the principal obligor.” Hudson v. Cobbs, 115 Idaho 1128, 1131, 772 P.2d 1222, 1225 (1989). “Default or nonperformance by the principal debtor is required to mature a cause of action in contract against a guarantor.” Gebrueder Heidemann, K.G. v. A.M.R. Corp., 107 Idaho 275, 281, 688 P.2d 1180, 1186 (1984). One cannot be both the principal debtor who has defaulted and the guarantor who is secondarily liable in the event of such default. Hudson, 115 Idaho at 1132, 772 P.2d at 1226.
As this Court held in Storer, an agreement to guaranty a debt and an agreement to be the original promisor were mutually exclusive. The alleged agreement may be one or the other, but it cannot be both. In Storer, the plaintiff alleged that he had paid money to a third person at the request of the defendants and that they failed to repay him as agreed. 19 Idaho at 172, 113 P. at 80. The plaintiff contended that the defendants were liable as original promisors pursuant to Idaho Code section 9-506(2).
This action is evidently brought under the provisions of paragraph 2 of section 6010, Rev. Codes, which section provides, among other things, as follows:
“A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing:---- (2) Where the creditor parts with value, or enters into an obligation, in consideration of the obligations in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety.”
Id. at 173,113 P. at 80-81.
The defendants contended that they were not original promisors under that statute; that, if anything, they were guarantors or sureties; and that the action was therefore barred by the statute of frauds in section 9-505(2).
Counsel for appellants contend that the facts of this case as shown by the evidence do not bring it within the provisions of said section, but that if any promise or agreement was made between the plaintiff and defendants with reference to the sum of money paid by plaintiff to Buchanan, that the same could not have been other than a collateral undertaking on their part, in which they became merely guarantors or sureties, and therefore the action falls within the statute of frauds as provided by section 6009, Rev. Codes.
Id. at 173,113 P. at 81.
The trial court refused to instruct the jury on the defendants’ theory, and the jury returned a verdict in favor of the plaintiff. On appeal, this court vacated the judgment and remanded the case for a new trial because if defendants were guarantors, they would not be liable under section 9-506(2) because the guaranty agreement would be barred by the statute of frauds in section 9-505(2). This Court stated:
The case was tried upon the theory that the defendants were not liable; that if any promise were made by the defendants, such promise was collateral and must be in writing. That being the theory upon which the ease was presented by the appellants, it was error for the court to refuse to instruct the jury to the effect that if they should find from the evidence that any credit was in fact given to Trainor or the Irrigation Co., or that they, or either of them, were in any degree liable for the indebtedness, the defendants could not be charged as original contractors, but at most as mere guarantors and under the provisions of sec. 6009, Rev. Codes, they were not liable unless such agreement or *405 note or memorandum thereof was in writing and subscribed by the party charged or by his agent.
Id. at 174-75, 113 P. at 81.
As this Court held in Storer, if under the alleged agreement the creditor contended that the original debtors were still liable, then the defendants could not have become the principal debtors, which was necessary for section 9-506(2) to apply. They could only have been guarantors. A person cannot be both the principal debtor and the guarantor of the same transaction. If a guaranty agreement could also be an agreement within the provisions of Idaho Code section 9-506(2), then there would have been no reason to vacate the jury verdict for the failure to instruct them regarding guaranty agreements.
Because the complaint in the instant case only alleged a guaranty, it did not allege a claim under Idaho Code section 9-506(2). “ ‘[T]he only issues considered on summary judgment are those raised by the pleadings.’ A cause of action not raised in the pleadings may not be raised on appeal, even if the trial court considered the issue.” Nelson v. Big Lost River Irrigation List., 148 Idaho 157, 160, 219 P.3d 804, 807 (2009) (quoting Vanvooren v. Astin, 141 Idaho 440, 444, 111 P.3d 125, 129 (2005)) (citation omitted); Nava v. Rivas-Del Toro, 151 Idaho 853, 860-61, 264 P.3d 960, 967-68 (2011); accord O’Guin v. Bingham Cnty., 139 Idaho 9, 15, 72 P.3d 849, 855 (2003).
If a plaintiff facing a motion for summary judgment decides it has alleged the wrong claim for relief or wants to raise another claim, the plaintiff must amend its complaint. O’Guin, 139 Idaho at 15, 72 P.3d at 855. Because Mickelsen Construction did not do so in this case, its argument that Ms. Horrocks was not a guarantor but instead was a principal debtor cannot be considered on appeal.
III.
Did the District Court Err in Failing to Grant a Judgment to Mickelsen Construction as the Holder of a Negotiable Instrument?
Mickelsen Construction argues on appeal that “[t]he trial court erred in dismissing Mickelsen Construction’s Complaint because it is still entitled to enforce the negotiable instrument (the Check) against Horroeks/Sunshine Secretarial.” In response, the Defendants state, “For the very first time on appeal, Mickelsen attempts to argue new theories of liability in support of the proposition that the check here is enforceable regardless of whether it is sufficient as an original obligation or as a guaranty.” In its reply brief, Mickelsen Construction admits that recovery under the theory of a negotiable instrument “was not the issue below and was not addressed by the trial court.” A review of the record on appeal confirms that Mickelsen Construction did not raise this issue below. “This Court will not consider issues raised for the first time on appeal.” Clear Springs Foods, Inc. v. Spackman, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011). Accordingly, we will not address this issue.
IV.
Is Either Party Entitled to an Award of Attorney Fees on Appeal?
Mickelsen Construction seeks an award of attorney fees on appeal pursuant to Idaho Code section 12-120(3) on the grounds that this was an action to recover on a negotiable instrument, guaranty, or commercial transaction. Because it is not the prevailing party on appeal, it is not entitled to an award of attorney fees under that statute. Storey Constr., Inc. v. Hanks, 148 Idaho 401, 411, 224 P.3d 468, 478 (2009).
Defendants also seek an award of attorney fees on appeal pursuant to section 12-120(3) on the grounds that this is an action to recover on a guaranty or a commercial transaction. Because this was an action to recover on a guaranty, we award the Defendants attorney fees on appeal.
V.
Conclusion.
We affirm the judgment of the district court, and we award respondents costs on appeal, including a reasonable attorney fee.
Chief Justice BURDICK, Justices W. JONES, and HORTON concur.

. In the complaint, Mickelsen Construction alleged that "Defendant Lesa D. Horrocks agreed to guarantee the credit card payment of Alan Smith and Accelerated Paving, Inc.” There is no allegation that she did so as an agent of Sunshine Secretarial Services, Inc., or that it agreed to guaranty the check.

. In his affidavit, Mr. Mickelsen stated as follows:
4. Mickelsen Construction, Inc. agreed not to file the lien on the condition that Alan Smith and Accelerated Paving, Inc. obtain someone to guarantee the payment by credit card which was offered by Alan Smith and Accelerated Paving, Inc.
5. Defendant Lesa D. Horrocks agreed to guarantee the credit card payment of Alan Smith and Accelerated Paying, Inc. and to do so wrote a check on the account of Sunshine Secretarial Services, Inc. and Lesa D. Horrocks in the amount of $34,980.00 on January 8, 2009.
12. Lesa D. Horrocks was present when Brent L. Grigg informed her that the American Express credit card would be ran through the Bank of Commerce, that I was requesting a check to guarantee the funds in the event the funds did not go through and that once the funds were deposited in my account the check would be returned to Lesa D. Horrocks.
(Emphases added.)

. After this Court adopted the Federal Rules of Civil Procedure, we held that the statute of frauds could be raised as a defense to a motion for summary judgment even though it had not been pled. Milestone v. Mathewson, 103 Idaho 453, 455, 649 P.2d 1209, 1211 (1982).

. Revised Code section 6009 was the prior codification of Idaho Code section 9-505, and it provided insofar as is relevant:
In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, thereof, of the agreement cannot be received without the writing or secondary evidence of its contents:
2. A special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the next section;
Idaho Rev. Codes § 6009 (1908). The "next section" was section 6010, which is the prior codification of Idaho Code section 9-506. Idaho Rev. Codes § 6010(1908).

. In the district court, Mickelsen Construction asserted that the alleged agreement was within one of the first three subsections of section 9-506. On appeal, Mickelsen Construction concedes that subsections (1) and (3) could not apply to the facts in this case. It states, "For I.C. 9-505(1) to apply Horrocks/Sunshine Secretarial must have 'received property of another.’ While that was certainly contemplated when the transaction was entered into it failed to materialize.” Appellant's Brief at 12 n. 5 (the reference to 9-505(1) was obviously intended to be 9-506(1)). It is undisputed that Ms. Horrocks did not receive property from Accelerated. Thus, she could not be "one who has received property of another upon an undertaking to apply it pursuant to such promise." With respect to subsection (3), Mickelsen Construction states, "For I.C. 9-505(3) to apply, the obligation of Smith/Accelerated would have had to be cancelled. Again, that was certainly contemplated when the transaction was entered into, but when neither Smith/Accelerated nor Horrocks/Sunshine Secretarial paid as promised, Mickelsen Construction pursued both parties.” Id. (the reference to 9-505(3) was obviously intended to be 9-506(3)). There are no facts indicating that Mickelsen Construction released Accelerated from its obligation to pay. In fact, the facts are directly to the contrary. All parties agreed that Accelerated was still expected to provide the funds necessary to pay the debt by the use of its American Express credit card. Thus, on appeal Mickelsen Construction only contends that subsection (2) of section 9-506 applies to this transaction.